"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 09-2195 AG (MANx) | Date | January 25, 2010 |
|---|---|---|---|
| Title | PEOPLE OF CALIFORNIA, WOOD, et al. v. BANK OF AMERICA, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS

This case, like many others currently in the judicial system, involves the sale of an adjustable rate mortgage loan ("ARM").  Pro se Plaintiffs Devon Wood and Jean Keating ("Plaintiffs") filed their Complaint in the Superior Court of the State of California, San Bernardino County, and Defendant Bank of America Corporation ("BAC") removed the action to this Court.  Plaintiffs then filed a Motion to Remand ("Plaintiffs' Motion").  Defendants BAC, Countrywide Home Loans Servicing, LP ("CHL"), ReconTrust Company, N.A. ("ReconTrust"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") filed a Motion to Dismiss ("Defendants' Motion").  After considering all papers and arguments submitted, Plaintiffs' Motion is DENIED and Defendants' Motion is GRANTED.

## **PRELIMINARY MATTER**

Defendants ask the Court to take judicial notice of two documents.  Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Facts subject to judicial notice may be considered on a motion to dismiss.  *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Documents not physically attached to the complaint may be considered by the Court on a Rule

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-2195 AG (MANx) | Date | January 25, 2010 |
|---|---|---|---|
| Title | PEOPLE OF CALIFORNIA, WOOD, et al. v. BANK OF AMERICA, et al. | | |

12(b)(6) motion if the document is central to the Plaintiffs' claims and there is no question concerning the authenticity of the documents. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Further, the Court may take judicial notice of official records and reports without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *See MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986). Defendants ask the Court to take judicial notice of the following two documents: (1) the Adjustable Rate Note (RJN, Exh. A ("Note")); and (2) the Deed of Trust (RJN, Exh. B ("Deed"). The Court finds that these documents meet the requirements of Rule 201, and Defendants' request for judicial notice is GRANTED as to those two documents.

## BACKGROUND

Plaintiffs filed their Complaint in the San Bernardino Superior Court on November 3, 2009, alleging eleven claims, numbered as follows: (1) Unlawful offer and sale of unqualified nonexempt securities in violation of California Corporations Code §25110; (2) conversion in violation of § 58 of the National Bank Act ("NBA"); (3) mutilation and destruction of promissory note in violation of § 58 of the NBA; (4); unlawful conversion, conveyance, and endorsement of promissory note in violation of California Commercial Code § 3104; (5) unlawful conversion and conveyance in violation of California Civil Code §§ 1169-71, 1180-1207, and 1214; (6) unlawful foreclosure in violation of 12 U.S.C. §§ 3755-56; (7) unlawful foreclosure in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g; (8) unlawful acts of accounting, including off balance sheet financing; (9) criminal violations of California Penal Code § 484(a) and the Securities Exchange Act; (10) civil violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; and (11) criminal violations of California Penal Code § 506b.

Throughout the Complaint, Plaintiffs refer to the Note, and state that the Note is attached as "Exhibit A," but Plaintiffs failed to attach any Exhibit A. Plaintiffs did attach a grant deed, signed and dated September 9, 2009, and recorded in Official Records, County of San Bernardino on October 8, 2009 ("Grant Deed"). (Compl., Exh. G.) The Grant Deed is a gift transfer from "Mi Ja Yun" to "Devon Wood, and Jean Keating." (Compl., Exh. G.) The address of the transferred property on the Grant Deed is the same address listed in the Note and Deed attached to Defendants' Request for Judicial Notice.

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-2195 AG (MANx) | Date | January 25, 2010 |
|---|---|---|---|
| Title | PEOPLE OF CALIFORNIA, WOOD, et al. v. BANK OF AMERICA, et al. | | |

The Note is dated April 14, 2005. (RJN, Exh. A.) Each of the first 3 pages of the Note is notarized and initialed "MJ," and the fourth and final page is notarized and signed by "Mi J. Yun." (RJN, Exh. A.) The Deed was recorded in the Official Records of the County of San Bernardino on April 22, 2005. (RJN, Exh. B.) The "Borrower" is listed as "Mi J. Yun, a Married Woman as her Sole and Separate Property." Mi J. Yun is not a party to this lawsuit.

Defendant Bank of America Corporation ("BofA") timely removed the action to this Court on November 30, 2009 based on federal question jurisdiction. Plaintiffs now move for remand, and Defendants move to dismiss.

## ANALYSIS

**1.     PLAINTIFFS' MOTION TO REMAND**

Removal to federal court is governed by 28 U.S.C. § 1441. Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Upon a plaintiff's motion to remand, a defendant bears the burden of establishing proper removal and federal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Because there is no allegation that the parties to this action are diverse, removal jurisdiction is proper only if the case originally could have been filed in federal court on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1331.

Here, Plaintiffs' Complaint expressly invokes federal statutes. For example, Plaintiffs' second and third claims allege violations of § 27 and § 58, respectively, of the National Bank Act. (Compl. 10:5-6; 11:6-7.) Plaintiffs' sixth claim alleges violations of 12 U.S.C. §§ 3755 and 3756. (Compl. 13:19-24.) Plaintiffs' tenth claim is for violations of RICO. (Compl. 19:8-24.)

Plaintiffs argue that because they alleged violations of California law, the case should not be removed. But under 28 U.S.C. § 1367, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Claims are part of the same case or controversy

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 09-2195 AG (MANx) | Date | January 25, 2010 |
|---|---|---|---|
| Title | PEOPLE OF CALIFORNIA, WOOD, et al. v. BANK OF AMERICA, et al. | | |

when they "derive from a common nucleus of operative fact," so that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). The Court finds that the allegations in the Complaint all relate to the Note and Deed, and that the claims in the Complaint are all part of the same case or controversy. Thus, the Court may exercise supplemental jurisdiction over all state claims.

Plaintiffs also argue that the anti-removal provision of the Securities Act of 1933, 15 U.S.C. § 77v, prevents Defendant from removing this case. Plaintiffs' argument fails. The anti-removal provision states that "no case *arising under this subchapter* [15 USCS §§ 77a-77aa)] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v (emphasis added). But Plaintiff does not specifically allege a violation of any provision in the relevant subchapter, which only deals with securities. A mortgage not is not a security, even if it is later sold on the secondary market. *Great Western Bank & Trust v. Kotz*, 532 F.2d 1252, 1260 (9th Cir. 1976); *see also Amfac Mortgage. Corp. v. Arizona Mall of Tempe, Inc.,* 583 F.2d 426, 431 n. 6 (9th Cir. 1978) ("[T]he promissory note should be analyzed separately from any participation interests in it.".)

Because Plaintiffs' claims directly invoke federal law, federal question jurisdiction exists, and removal was therefore appropriate. Plaintiffs' Motion to Remand is DENIED.

### 2. MOTION TO DISMISS

#### 2.1 Legal Standard

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-2195 AG (MANx) | Date | January 25, 2010 |
|---|---|---|---|
| Title | PEOPLE OF CALIFORNIA, WOOD, et al. v. BANK OF AMERICA, et al. | | |

(2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### 2.2 Standing

Defendants argue that because Plaintiffs were not parties to the original Note and Deed, they have no standing to allege injury based on the Note and Deed. Plaintiffs admit that their names are not on the Note and Deed in question, but Plaintiffs argue that they are now the real parties in interest because the Property was granted to them by Mi Ja Yun, whose name does appear on the Note and Deed at issue. Neither party provides the Court with any cite to legal authority supporting their argument, but because standing is a threshold requirement under the United States Constitution, the Court will address the issue.

The Constitution limits the power of federal courts to actual cases and controversies. U.S. Const., Art. III § 2. To satisfy Article III's standing requirement, a plaintiff must demonstrate: (1) an injury that is concrete, particularized, and actual or imminent; (2) a causal connection between the injury and the challenged conduct, such that the injury may be fairly traceable to that conduct; and (3) a likelihood that the injury will be

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-2195 AG (MANx) | Date | January 25, 2010 |
|---|---|---|---|
| Title | PEOPLE OF CALIFORNIA, WOOD, et al. v. BANK OF AMERICA, et al. | | |

redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Here, the Court finds that Plaintiffs have failed to demonstrate concrete, particularized, and actual or imminent injury. For example, Plaintiffs allege that Defendants "are prohibited by Federal Law from foreclosing on Federal Related Mortgage Loans." (Compl. 13:19-20.) But Plaintiffs do not allege that Defendants have actually threatened to foreclose on the property. In fact, the Court is unable to find, and Plaintiffs do not identify in their Opposition, any allegation in the Complaint that any concrete, particularized injury will occur. Thus, Plaintiffs do not have standing, and Defendants' Motion is GRANTED.

### 2.3     Leave to Amend

The Court finds that the failure to demonstrate concrete, particularized, and actual or imminent injury could possibly be cured by amendment. Accordingly, Plaintiffs may file a First Amended Complaint ("FAC") by February 16, 2009. The Court also urges Plaintiffs to pay careful attention to the arguments raised in Defendants' Motion, and to amend the Complaint accordingly.

If Plaintiffs choose to file a FAC, they must also file the Declaration as ordered by this Court in the December 21, 2009 Order. Failure to do so will result in dismissal without prejudice.


**DISPOSITION**

Plaintiffs' Motion to Remand is DENIED. Defendants' Motion to Dismiss is GRANTED with leave to amend. Plaintiff may file an amended complaint within 30 days of this Order, setting forth adequate allegations against Defendant. The amended complaint shall be complete in and of itself, and shall not incorporate by reference any prior pleading.

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-2195 AG (MANx) | Date | January 25, 2010 |
|---|---|---|---|
| Title | PEOPLE OF CALIFORNIA, WOOD, et al. v. BANK OF AMERICA, et al. | | |

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | |
| | lmb | |