1  Devon Wood, Mi J Yun, and Jean Keating as Ex Relators
   9530 Spring Brook Court
2  Rancho Cucamonga, California [91730
   (909) 527-3595
3

4  michnowskitom@yahoo.com

5
            **IN THE UNITED STATES DISTRICT COURT**
6           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

7
8  People of California, Mi J Yun, Devon Wood and    **Case No.:EDCV09-02195 AG (MANx)**
   Jean Keating as Ex Relators et al, on behalf of   **Assigned to Dept: 10**
9  Themselves and all persons similarly situated
                                    Plaintiffs,
                                                     **AMENDED COMPLAINT FOR**
10                                                   **DECLARATORY RELIEF AND FOR**
    Vs.                                              **DAMAGES ARISING FROM:**
11                                                   **1. DECLARATORY RELIEF;**
                                                     **2. FRAUD;**
12 BANK OF AMERICA                                   **3. TORTIOUS VIOLATION OF**
   COUNTRYWIDE HOME LOANS INC.                       **STATUTE;**
13 RECONTRUST COMPANY, N.A. as alleged              **4. QUIET TITLE;**
   TRUSTEE, MERS, and DOES 1-1000                    **5. REFORMATION;**
14                                                   **6. VIOLATION OF BUSINESS AND**
15                                                   **PROFESIONS CODE §17200;**
                                    Defendants.      **7. VIOLATION OF CA CIV. CODE**
16                                                   **§2923.6**
                                                     **8. VIOLATION OF CA CIV. CODE**
17                                                   **§§ 1549, 1622, 1661, 1698. 1788.17**
                                                     **9. VIOLATION OF CA CIV. CODE**
18                                                   **§1572; &**
                                                     **10. INJUNCTIVE RELIEF**
19
20
21
22
23      Plaintiffs  People of California,  Mi J Yun, Devon Wood and Jean Keating allege herein
24      as follows:
25                        **GENERAL ALLEGATIONS**
26
27
28

                                    1

1.    Plaintiffs are and at all times relevant have been residents of the County of San Bernardino, State of California and the lawful owners of a parcel of Real Property commonly known as: *9530 Springbrook Ct. Rancho Cucamonga, California [91730]*

Legally described as follows: The land referred to herein is situated in the California state, county of San Bernardino, city of Rancho Cucamonga and describes as follows:

LOT (S) 49 OF AMENDED TRACT NO. 15727-1, AS SHOWN BY MAP ON FILE IN BOOK 270 PAGE (S) 32 THROUGH 37, INCLUSIVE OF MAPS, RECORDS OF SAN BERNARDINO COUNTY, CALIFORNIA. (Hereinafter "Subject Land Description").

2.    Defendants BANK OF AMERICA, COUNTRYWIDE HOME LOANS INC., RECONTRUST COMPANY, N.A. as alleged TRUSTEE, MERS as alleged Beneficiary, and DOES 1-1000 are and at all times herein mentioned were conducting business in the County of Los Angeles, State of California, and claims to be either a nominee and/or beneficiary, under the deed of trust executed by Plaintiffs.

3.    Defendants  BANK OF AMERICA, COUNTRYWIDE HOME LOANS INC., and at all times herein mentioned was, a member of the National Banking Association, and at all times herein were conducting intrastate business in the State of California and at all times relevant subject to the National Bank Act of June 3, 1864 codified at title 12 § 24 paragraph

4.    Defendants RECONTRUST COMPANY, N.A. and MERS at all times relevant are and were de facto corporations existing outside of the laws of the State of California, and are conducting intrastate business in the State of California.

5.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES I through 1000, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

2

6.      Plaintiffs are informed and believe and thereon alleges that, at all times herein mentioned each of the defendants sued herein was the agent and employee of each of the remaining defendants and at all times was acting within the purpose and scope of such agency and employment.

7.      On or about October 28, 2009, Defendant RECONTRUST COMPANY recorded a Notice of Default **[see Exhibit 1]**, claiming that Plaintiffs were default in their monthly obligation under the promissory note and deed of trust provided as security for the loan alleged above and on October 28, 2009 defendants served on Plaintiffs and recorded with the San Bernardino County Recorder's office a Notice of Trustee's Sale which provides notice of a trustee sale scheduled for November 09, 2009.

8.      On or about April 14, 2009,  Plaintiffs tendered to defendants the sum of approximately $ 339, 600.00, the amount that was due and payable as of said date to defendants said amount was communicated at Countrywide Bank, a Division of Treasury Bank, and N.A. Upon said Demand. **[see Exhibit 2]** indorsed as a Draft or order to pay under California Commercial Code § 3104 (e)].

10.     Plaintiffs are informed and believe and therefore alleges that their loan after it was originated and funded by Plaintiffs was transferred or assigned to defendant GS MORTGAGE SECURITIES CORP., or that GS MORTGAGE SECURITIES CORP. holds a legal interest in said loan and the security for said loan, including the deed of trust alleged above.

11.     Plaintiffs further allege on information and belief that none of these alleged beneficiaries or representatives of the Beneficiary have the original note to prove that they are in fact the party authorized with enforceability to conduct the foreclosure of November 09, 2009.

3

12.     Plaintiffs further allege that the foreclosure sale of the Subject Property was not executed by a contract in accordance with the requirements of *California Civil Code §§ 1549, 1624, 1661, 1698, 2922, 2924 et seq.*

13.     That the Trustee who was acting as the agent of the principal is not the Trustee of record under the Pooling and Servicing Agreement and has failed to have written authorization to act for the principal and under *Cal. Civ. Code § 1624* the agency relationship must also be in written form California Civil Code §§ 1549, 1661, 2922.

14.     That the notices and foreclosure failed to conform with the provisions of *California Civil Code §§ 1624, 2932.5 et seq.*, and California *Commercial Code § 3302 et seq.*

15.     Plaintiffs further allege that *Cal. Civ. Code § 2924* and its subparts are being applied to Plaintiffs in a manner that is unlawful, because at least in part the party acting as the Trustee proceeding with the foreclosure of Plaintiffs' Subject Property notwithstanding the following facts and circumstances:

    a.     Plaintiffs tendered the full amount owing as more particularly alleged in paragraph 8;

    b.     Plaintiffs are informed and believe that the Trustee was not in possession of the original Note, that the Note when it was assigned to the current beneficiary, who is not the Beneficiary of Record under the Pooling and Servicing Agreement, did not covey the power of sale because it violated the terms of *California Civil Code § 2932.5*, that the assignment when it was made to the current Beneficiary and Note executed by Plaintiffs was no longer a negotiable instrument because the assignment was not physically applied to the Note, although there was sufficient room on the back of the Note to complete

4

the assignment, and as such the foreclosure of Plaintiffs subject property did not conform with the strict mandates of *Civil Code § 2924.*

16.     That the Trustee and the loan servicer are acting as agents of the Beneficiary and signing documents as the agent of the agent of the agent of the Beneficiary for Plaintiff's Note and the notices therein.

17.     That by virtue of the method and manner of Defendants carrying out *Civil Code § 2924*; Defendants proceeding with the foreclosure of the Subject Property are acting in violation of said statute.

18.     On or about November 5, 2009, Plaintiffs served by letter on Defendants BANK OF AMERICA, COUNTRYWIDE HOME LOANS INC. And RECONTRUST COMPANY a Notice of Dispute & Request for Accounting, Notice Pursuant to R.E.S.P.A. ; Qualified Written Request.  In violation of the Real Estate Settlement Procedures Act, *12 U.S.C. § 2607*, said defendants have failed to respond to said notice by plaintiffs and have substantially failed to respond to all other communications and inquiries by plaintiffs. Attached and incorporated by this reference as "**Exhibit 3**" as though set out fully herein.

**FIRST CLAIM FOR RELIEF
FOR DECLARATORY RELIEF AGAINST
(As Against All Defendants)**

19.     Plaintiffs incorporate Paragraphs 1 through 18 of the General Allegations as though such have been fully set forth herein.

20.     An actual controversy exists in which the parties must ascertain their rights, duties and right to title in the Subject Property.

21.     A judicial determination is necessary that the parties may ascertain their rights, duties and right to title in the Subject Property.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

22.    The parties desire that the court may a judicial determination as to their rights, duties and right to title in the Subject Property.

23.    An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, concerning their respective rights, obligations and duties as it relates to the Subject Property. In particular, on one hand, Plaintiffs contend: **(a)** that Plaintiffs/Borrowers tendered the full amount owing as of the date of tender as more particularly alleged in paragraph 8; **(b)** that at the moment or time of execution of the promissory note no Value, Consideration, Performance or Execution  had been given or done by the Defendants to establish a contractual obligation or relationship between the Plaintiffs and the Defendants. **(c)** that failing to comply with R.E.S.P.A. as more particularly alleged in paragraph  18 defendants are not entitled to proceed with the foreclosure until such compliance occurs; and **(d)** on information and belief, that defendants are not otherwise entitled to continue with said foreclosure because of the lack of proper statutory execution of the deed of trust and note as more fully alleged in paragraph 12 through 17. On the other hand Defendants contend that Plaintiffs have not tendered the correct amount owing, that they are not required to respond to Plaintiff's R.E.S.P.A. Notice or that they have responded or that they are not subject to said law, and further contend that said Deed of Trust and Promissory Note has not been properly executed pursuant to the California Commercial Code § 3303 (a) (1)-(5) (b) and *California Civil Code §§ 1549, 1624, 1661 and, 2924 et seq. **(e)** Defendants agreed to Loan Modification under the Pooling and Servicing Agreement without Plaintiffs consent thereby discharging the Plaintiff Mi J Yun as the Drawer/ Maker and an indorser under § 3605 (d) of the California Commercial  as a Suretyship Defense.* According to the Restatement of Property, a mortgagor who transfers mortgaged real estate may be discharged from personal liability by receiving

COMPLAINT FOR DECLARATORY RELIEF, ETC.

from the mortgagee an express release from the obligation secured by the mortgage, or by virtue of suretyship defenses.[7] [see AM JUR MORTGAGES § 1108 PAGE 2]. *(f)* **Defendants have failed to apply** The proceeds of the sale of Promissory Note to discharge the expenses of executing their Deed of Trust, including a commission to the Trustee of three percent (3%) of the gross proceeds of sale; next, to discharge all taxes, levies, and assessments on the Property, with costs and interest, including a proper proration thereof for the current year; next, to reimburse the Trustee and the Collateral Agent for all amounts expended by them or any of them pursuant to the provisions of this Deed of Trust, with interest thereon; next, to pay the accrued interest on the unpaid principal balance due under the Notes and under the other Secured Obligations; next, to pay such unpaid principal balance of the Notes and the other Secured Obligations; next to pay any remaining Secured Obligations; next, to pay any indebtedness secured by any lien of record inferior to the lien of this Deed of Trust; and any residue of such proceeds shall be paid to the Grantor provided, however, that the Trustee as to such residue shall not be bound by any inheritance, devise, conveyance, assignment or lien of or upon the Grantor's equity, without actual notice thereof prior to distribution. **(g)** Defendants by Securitization and Off Balance Sheet Financing of the Deed of Trust and Promissory Note as Security instruments have put an impermissible clog on Plaintiffs Right of Redemption.

24.     Plaintiff desires a judicial determination of Defendants rights, obligations and duties, and a declaration as to who owns Plaintiffs Subject Property.

**SECOND CLAIM FOR RELIEF**
**FRAUD**
**(As Against Defendants)**

25.     Plaintiffs re-allege and incorporate Paragraphs 1 through 18 of the General Allegations as though such have been fully set forth herein.

7

26.     Plaintiffs allege that Defendants, and each of them, were engaged in an illegal scheme the purpose of which was to execute loans secured by real property in order to make commissions, kick-backs, illegal undisclosed yield spread premiums, and undisclosed profits by the sale of any instruments arising out of the transaction. Plaintiffs allege that Defendants, and each of them, have represented to plaintiff and to third parties that they were the owner of the Trust Deed and Promissory Note as either the Trustee or the Beneficiary regarding Plaintiff's real property. Based on this representation they caused a Notice of Default to be issued and recorded without disclosing their true role, and thereafter a notice of intent to foreclose and finally they executed a foreclosure, which was completed, permanently affecting Plaintiff right, title and interest in the Subject Property.  In fact, Plaintiff alleges that the promissory note which was executed by Plaintiff and which initially formed a basis of a security interest in the subject property, was assigned in violation of Civil Code § 2932.5 et seq., and as such the promissory note was rendered as non-negotiable and no power of sale was conveyed with the note at the time of the assignment, and therefore, Defendants, and each of them, had no lawful security interest in the subject property.

27.     Plaintiffs allege that based upon the foregoing representations of Defendants, and each of them, Plaintiffs did in fact repose their trust in the representations of Defendants, and each of them, and that such trust was reasonable.

28.     Plaintiffs allege that Defendant, and each of them, presented a loan to Plaintiffs whereby their represented that they did qualify for underwriting, and that the loan was within Plaintiffs' personal financial needs and limitations given the confidential financial information that Plaintiffs shared with Defendants. Defendant verbally promised a modification and

COMPLAINT FOR DECLARATORY RELIEF, ETC.

subsequently Rejected said offer after Plaintiff fully complied with Defendant Countrywide

Bank Home Loan Inc. requests for financial information.

29.     Plaintiffs allege that Defendants, and each of them, had a duty to disclose the true cost

of the loan which was made to Plaintiffs, and the fact that Plaintiffs could not afford the loan in

the first instance.

30.     Plaintiffs acquired the foregoing property by virtue of the said funding based on the

representations of Defendants, and each of them, that the loan was the best they could obtain

for him, and that the loan was well within Plaintiff's financial needs and limitations.

31.     Plaintiffs are informed and believe and thereupon allege that Defendants, and each of

them, represented to Plaintiffs that Defendants, and each of them, were working for the benefit

of Plaintiffs and in their particular best interest to obtain for them the best loan and at the best

rates available.

32.     That at the time Defendants, and each of them, made the foregoing false representations

to Plaintiffs they knew that they were untrue and that these representations were material

representations.

33.     That the foregoing representations were made in order to induce Plaintiffs to act on and

take the said loan(s) in order for both defendants to make a substantial amount of money

thereby and there from.

34.     Plaintiffs were induced to and did take this loan based on the said representations.

35.     That Plaintiffs were induced to rely and did rely on the representations of these

Defendants through deception and their reliance were justified, as they believed those

Defendants, and each of them, working for them and in their best interest. Defendant verbally

promised a modification and subsequently Rejected said offer after Plaintiff fully complied

with Defendants BANK OF AMERICA, COUNTRYWIDE HOME LOAN INC requests for financial information.

36.     That by virtue of Plaintiffs' detrimental reliance based on promissory estoppel and the increased interest they were made to pay, they have been damaged in the loss of their good credit and a higher payment and are now being involved in litigation that they did not bargain for, all to their damage and injury.

37.     Plaintiffs have relied on the representations of this Defendant and because of this reliance has made various moves to avoid the foreclosure all to no avail, while defendants knew all the time that they were deceiving Plaintiffs.

38.     Plaintiffs' reliance was justified based upon the false representations of Defendants, and each of them, and had no reason to believe that a party representing a bank would go to such lengths to deceive and to convert Plaintiffs' property.

39.     Plaintiffs allege that Defendants, and each of them, knew at the time they made these representations to Plaintiffs that they were untrue, and defendants knew at the time that they were attempting to foreclose on Plaintiff's Trust Deed and Promissory Note that they had no right to do so.

40.     Plaintiffs allege Defendants, and each of them, by said fraudulent scheme intentionally and fraudulently intended to convert Plaintiffs' right, title and interest to their property, and any equity therein.

41.     Plaintiffs allege that due to their Detrimental Reliance on Defendants Representations and the  Lack or Want of Consideration, Execution and Performance on the contract they have been damaged in an amount that currently exceeds $1000,000 and will suffer additionally costs of moving out of Plaintiffs' property and the costs to relocate back to the subject Property.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

42.     Additionally, Plaintiffs have been made to suffer deep and severe emotional distress mortification, anxiety and humiliation all to their damage and injury in an amount the totality of which has not yet been fully ascertained, but in no event less than the jurisdiction limitations of this court.

43.     Plaintiffs allege that Defendants BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC. had a superior bargaining strength over Plaintiffs, and that Plaintiffs were relegated only the opportunity to adhere to the contract or reject it, that BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC. drafted all of the documents related to the loan, that no negotiations were possible between Plaintiffs and BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC and that the contract was a contract of adhesion.

44.     Plaintiffs allege that the loan was unconscionable in that the repayment terms were unfair and unduly oppressive, because the payments exceeded Plaintiffs entire combined income and as such, Defendants, and each of them, cannot enforce the terms and conditions of the loan against Plaintiffs, and any non-judicial foreclosure arising there from is void.

45.     Plaintiffs are informed and believe and thereupon allege that Defendants, and each of them, entered into a fraudulent scheme, the purpose of which was to make a loan modification to Plaintiffs, which Defendants, and each of them, were keenly aware that Plaintiff could not afford, at a cost way above the then prevailing market rate, made loans to Plaintiff and falsely represented to Plaintiff that they could not qualify for any other financing, that Plaintiff could not qualify under any reasonably underwriting guidelines, that such scheme was devised to extract illegal and undisclosed compensation from Plaintiff.

46.     Circa November 09, 2009, Defendants alleged that Plaintiff became in default of the loan, this default was occasioned by the rejection of proper tender, the structure of the loan and

11

interest rate and the Subject Property. However, Plaintiffs were not in default because of the prior breach of the terms of the notes by Defendants, and each of them, the performance of Plaintiffs was excused.

47.     Plaintiffs are informed and believe and therefore allege that their loans after they were originated and funded were sold on multiple occasions, bundled into a group of Trust Deeds and subsequently sold to investors as a Derivative, "Mortgage Backed Securities", and that therefore none of these defendants, and each of them, owned this loan, or Note and cannot be and are not the Beneficiary, or lawfully appointed trustee, and have no right to declare a default, to cause notices of default to issue or to be recorded, or to foreclose on Plaintiffs interest in the subject property,  Defendants, and each of them, were not the note Holder or the Note holder in due course or any Beneficiary at any time in regards to this loan.

48.     That none of these Defendants, and each of them, were ever disclosed as the beneficiary in accordance with California Code of Civil Procedure § 2924 et seq.

49.     Plaintiffs further allege on information and belief that none of these alleged beneficiaries or representatives of the Beneficiary have the original note to prove that they are in fact the party authorized to conduct the foreclosure.

50.     Plaintiffs further allege that the foreclosure sale of the Subject Property was not executed in accordance with the requirements of California Civil Code §§ 1549,  1624, 1661, 1698, 2922, 2923.5, 2932.5 and Commercial Code section 3302 et seq.

51.     That the Trustee who was acting as the agent of the Principal failed to have written authorization to act for the principal and under California Civil Code § 1624 the agency relationship must also be in written form or memorialized and subscribed by the Plaintiffs.

52.    That the notices and foreclosure failed to conform with the provisions of California Civil Code §§ 1549, 1624, 1661, 1698, 2922, 2923.5, 2932.5 et seq., and Commercial Code § 3302 et seq.

53.    Plaintiffs further allege that California Civil Code § 2924 et seq. and its subparts are being applied to Plaintiffs in a manner that is unlawful, because at least in part the party acting as the Trustee proceeded with the foreclosure of Plaintiffs Subject Property notwithstanding the fact that the Trustee was not in possession of the original Note, that the Note when it was assigned to Defendants BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC., the assignment by BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC., and its assigns, did not covey the power of sale because it violated the terms of California Civil Code § 2932.5, that the assignment when it was made to, GS MORTGAGE SECURITIES CORP., that the Note executed by Plaintiff was no longer a negotiable instrument because the assignment was not physically applied to the Note pursuant to the holding of **Pribus v. Bush,** (1981) 118 Cal.App.3d 1003, 173 Cal.Rptr. 747, although there was sufficient room on the back of the Note to complete the assignment, and as such the foreclosure of Plaintiff's subject property did not conform to the strict mandates of Civil Code § 2924. 76.  Plaintiffs allege that the employees and/or agents of BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC., represented that said employees and/or agents could work-around the fact that Plaintiffs' credit was not in good standing and could get Plaintiffs approved for the loan.  Defendants did not disclose at any time to Plaintiffs that the initial loan payment would exceed their entire income.

54.    Plaintiffs allege that the loan contract, deed of trust and accompanying documents were offered to Plaintiffs on a take it or leave it basis.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

55.     Plaintiffs allege that Defendants BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC., had a superior bargaining strength over Plaintiffs, and that Plaintiffs were relegated only the opportunity to adhere to the contract or reject it, that BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC., drafted all of the documents related to the loan, that no negotiations were possible between Plaintiffs and BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC., and that the contract was a contract of adhesion.

56.     Plaintiffs allege that the loan was unconscionable in that the repayment terms were unfair and unduly oppressive, because the payments exceeded Plaintiffs entire combined income and as such, Defendants, and each of them, cannot enforce the terms and conditions of the loan against Plaintiffs, and any non-judicial foreclosure arising there from is void.

57.     Plaintiffs are informed and believe and thereupon allege that Defendants, and each of them, entered into a fraudulent scheme, the purpose of which was to make a loan to Plaintiffs, which Defendants, and each of them, were keenly aware that Plaintiffs could not afford, at a cost way above the then prevailing market rate, made loans to Plaintiffs and falsely represented to Plaintiffs that they could not qualify for any other financing, that Plaintiffs could not qualify under any reasonably underwriting guidelines, that such scheme was devised to extract illegal and undisclosed compensation from Plaintiffs by virtue of an undisclosed yield spread premium and which Defendants, and each of them, shared in some presently unknown percentage.

58.     Circa  November 09 2009, Defendants alleged that Plaintiff became in default of the loan, this default was occasioned by the high payments, the structure of the loan and interest rate and the Subject Property. However, Plaintiffs were not in default because of the prior

1   breach of the terms of the notes by Defendants, and each of them, the performance of Plaintiffs

2   was excused.

3   59.    Plaintiffs further allege that the foreclosure sale of the Subject Property was not

4   executed in accordance with the requirements of California Civil Code §§ 1549, 1624, 1661,

5   1698, 2922, 2923.5, 2932.5 and Commercial Code § 3302 et seq.

6

7   60.    That the Trustee who was acting as the agent of the Principal failed to have written

8   authorization to act for the principal and under California Civil Code § 1624 the agency

9   relationship must also be in written form.

10  61.    That the notices and foreclosure failed to conform with the provisions of California

11  Civil Code §§ 1624, 2923.5, 2932.5 et seq., and Commercial Code § 3302 et seq.

12

13  62.    Plaintiffs further allege that California Civil Code § 2924 et seq. and its subparts are

14  being applied to Plaintiffs in a manner that is unlawful, because at least in part RECON

15  TRUST COMPANY acting as the Trustee proceeded with the foreclosure of Plaintiffs Subject

16  Property notwithstanding the fact that the Trustee was not in possession of the original Note,

17  that the Note when it was assigned to Defendant GS MORTGAGE SECUIRTIES CORP., the

18  assignment by COUNTRYWIDE HOME LOANS INC., and its assigns, did not covey the

19  power of sale because it violated the terms of California Civil Code § 2932.5, that the

20  assignment when it was made to, GS MORTGAGE SECURITIES CORP., that the Note

21  executed by Plaintiffs was no longer a negotiable instrument because the assignment was not

22  physically applied to the Note pursuant to the holding of **Pribus v. Bush,** (1981) 118

23  Cal.App.3d 1003, 173 Cal.Rptr. 747, although there was sufficient room on the back of the

24  Note to complete the assignment, and as such the foreclosure of Plaintiffs subject property did

25  not conform with the strict mandates of Civil Code § 2924.

26

27

28

15

63.    That the Trustee and the loan servicer are acting as agents of the Beneficiary and signing documents as the agent of the agent of the agent of the Beneficiary for Plaintiffs Notes and the notices therein, notwithstanding the fact that the Notes were not negotiable prior to the sale of the Subject Property.

64.    That by virtue of the method and manner of Defendants carrying out Civil Code § 2924 et seq., the foreclosure of the Subject Property is void ab initio as a matter of law.

65.    Plaintiff alleges that Defendants, and each of them, are engaged in and continue to engage in violations of California law including but, not limited to: Civil Code § 2924 et seq. and § 2932.5 et seq., and unless restrained will continue to engage in such misconduct, and that a public benefit necessitates that Defendants be restrained from such conduct in the future.

A.    **California Legislature Findings**

66.    Recently, the California Legislature **found and declared** the following in enacting California Civil Code § 2923.6 on July 8, 2008:

> *(a)    California is facing an unprecedented threat to its state economy because of skyrocketing residential property foreclosure rates in California. Residential property foreclosures increased sevenfold from 2006 to 2007, in 2007, more than 84,375 properties were lost to foreclosure in California, and 254,824 loans went into default, the first step in the foreclosure process.*

> *(b)    High foreclosure rates have adversely affected property values in California, and will have even greater adverse consequences as foreclosure rates continue to rise. According to statistics released by the HOPE NOW Alliance the number of completed California foreclosure sales in 20'07 increased almost threefold from 1902 in the first quarter to 5574 in the fourth quarter of that year. Those same statistics report that 10,556 foreclosure sales,*

COMPLAINT FOR DECLARATORY RELIEF, ETC.

almost double the number for the prior quarter, were completed just in the month of January 2008. More foreclosures means less money for schools, public safety, and other key services.

(c)     Under specified circumstances, mortgage lenders and servicers are authorized under their pooling and servicing agreements to modify mortgage loans when the modification is in the best interest of investors. Generally, that modification may be deemed to be in the best interest of investors when the net present value of the income stream of the modified loan is greater than the amount that would be recovered through the disposition of the real property security through a foreclosure sale.

(d)     It is essential to the economic health of California for the state to ameliorate the deleterious effects on the state economy and local economies and the California housing market that will result from the continued foreclosures of residential properties in unprecedented numbers by modifying the foreclosure process to require mortgagees, beneficiaries, or authorized agents to contact borrowers and explore options that could avoid foreclosure. These Changes in accessing the state's foreclosure process are essential to ensure that the process does not exacerbate the current crisis by adding more foreclosures to the glut of foreclosed properties already on the market when a  foreclosure could have been avoided. Those additional foreclosures will further destabilize the housing market with significant, corresponding deleterious effects on the local and state economy.

(e)     According to a survey released by the Federal Home Loan Mortgage Corporation (Freddie Mac) on January 31, 2008, 57 percent of the nation's

*late-paying borrowers do not know their lenders may offer alternative to help them avoid foreclosure.*

*(f)    As reflected in recent government and industry-led efforts to help troubled borrowers, the mortgage foreclosure crisis impacts borrowers not only in nontraditional loans, but also many borrowers in conventional loans.*

*(g)    This act is necessary to avoid unnecessary foreclosures of residential properties and thereby provide stability to California's statewide and regional economies and housing market by requiring early contact and communications between mortgagees, beneficiaries, or authorized agents and specified borrowers to explore options that could avoid foreclosure and by facilitating the modification or restructuring of loans in appropriate circumstances.*

67.    "Operation Malicious Mortgage' is a nationwide operation coordinated by the U.S. Department of Justice and the FBI to identify, arrest, and prosecute mortgage fraud violators." San Diego Union Tribune, June 19, 2008.  As shown below, Plaintiffs were victims of such mortgage fraud.

68.    "Home ownership is the foundation of the American Dream.  Dangerous mortgages have put millions of families in jeopardy of losing their homes."  CNN Money, December 24, 2007.  The Loan, which is the subject of this action to Plaintiff, is of such character.

69.    "Finding ways to avoid preventable foreclosures is a legitimate and important concern of public policy. High rates of delinquency and foreclosure can have substantial spillover effects on the housing market, the financial markets and the broader economy. Therefore, doing what we, can to avoid preventable foreclosures is not just in the interest of the lenders and borrowers. It's in everybody's best interest." Ben Bernanke, Federal Reserve Chairman,

May 9, 2008.  Plaintiff alleges that Defendants had the duty to prevent such foreclosure, but failed to so act.

70.    "Most of these homeowners could avoid foreclosure if present loan holders would modify the existing loans by lowering the interest rate and making it fixed, capitalizing the arrearages, and forgiving a portion of the loan.  The result would benefit lenders, homeowners, and their communities." CNN Money, id.

71.    On behalf of President Bush, Secretary Paulson has encouraged lenders to voluntarily freeze interest rates on adjustable-rate mortgages.  Mark Zandl, chief economist for Mood's commented, "There is no stick in the plan.  There are a significant number of investors who would rather see homeowners default and go into foreclosure." San Diego Union Tribune.

72.    "Fewer than 1%· of homeowners have experienced any help "from the Bush-Paulson plan." San Diego Union Tribune, id.   Plaintiffs are not of that sliver that have obtained help.

73.    The Gravamen of Plaintiffs complaint is that Defendants violated State and Federal laws which were specifically enacted to protect such abusive, deceptive, and unfair conduct by Defendants, and that Defendants cannot legally enforce a non-judicial foreclosure.

74.    Plaintiffs are "debtors" as defined by the Rosenthal Act, California Civil Code § 1788.2(h).

75.    Defendants are engaged in the collection of debts from consumers using the mail and telephone.

76.    Defendants regularly attempt to collect consumer debts alleged to be due to another.

77.    Defendants are "debt collectors" as defined by the Rosenthal Act, California Civil Code § 1788.2(c).

COMPLAINT FOR DECLARATORY RELIEF, ETC.

78.    The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code § 1788.2(f).

**B.    Defendants Are Not Holders In Due Course Since Plaintiff Was Duped Into An Improper Loan And There Is No Effective Endorsement:**

79.    Plaintiffs incurred a "debt" as that term is defined by California Civil 17 Code §1788(d) and 15 U.S.C. § 1692a (5), when he obtained a Loan on their Personal Residence in April 4, 2005.

80.    The loan is memorialized via a Deed of Trust and Promissory Note, each of which contain an attorney fees provision for the lender should they prevail in the enforcement of their contractual rights.

81. Plaintiffs have no experience beyond basic financial matters.

82. Plaintiffs were never explained the full terms of their loan, including but not limited to the rate of interest how the interest rate would be calculated, what the payment schedule should be, the risks and disadvantages of the loan, the prepay penalties, the maximum amount the loan payment could arise to.

83.    Certain fees in obtaining the loan, were also not explained to the Plaintiffs, including but not limited to "underwriting fees," "MERS registration fee," "appraisal fees," "broker fees", "loan tie in fees," etc.

84.    A determination of whether Plaintiffs would be able to make the payments as specified in the loan was never truly made.

85.    Plaintiffs income was never truly verified.

86.    Plaintiffs were rushed when signing the documents, the closing process provided no time for review and took minutes to accomplish.

20

87.    Plaintiffs could not understand any of the documents and signed them based on representations and the trust and confidence the Plaintiffs placed in Defendants' predecessors.

88.    Plaintiffs are informed and believe that Defendants and/or Defendants' predecessors established and implemented the policy of failing to disclose material facts about the Loan, failing to verify Plaintiff's income, falsifying Plaintiffs income, agreeing to accept a Yield Spread Premium, and causing Plaintiff's Loan to include a penalty for early payment.

89.    Plaintiffs are informed and believe those Defendants and/or Defendants' predecessors established such policy to profit, knowing that Plaintiffs would be unable to perform future terms of the Loan.

90.    Plaintiffs are victims of Fraud in the Factum and Inducement  since the forgoing misrepresentations caused them to obtain the home loan without accurately realizing, the risks, duties, or obligations incurred.

91.    The Promissory Note contains sufficient space on the note itself for endorsement  any assignment by allonge is ineffective pursuant to **Pribus v. Bush**, 118 Cal. App. 3d 1003 (May 12, 1981).

92.    Defendants are not holders in due course due to Fraud in Factum and ineffective.

   **C.    Defendants' Lack Standing To Conduct A Non-Judicial Foreclosure Pursuant To California Civil Code § 2932.5**

93.    Defendants have no standing to enforce a non-judicial foreclosure.

94.    Defendants are strangers to this transaction, and have no authority to go forward with the foreclosure and Trustee's Sale.

95.    Plaintiffs executed a Promissory Note (hereinafter the "Note") and a Deed of Trust to BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

96. FFMLT TRUST 2005-FF2 and the Investors or Certificate holders are the Lenders under the Pooling and Servicing Agreement and the only parties entitled to enforce the Note and any security interest with it.

97. FFMLT TRUST 2005-FF2 and the Investors or Certificate holders not listed in the Deed of Trust or Promissory Note.

98.     In California, California Civil Code § 2932.5 governs the Power of sale under an assigned mortgage, and provides that the power of sale can only vest in a person entitled to money payments: "Where a power to sell real property is given to a mortgagee, or other encumbrance, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."

99.     The San Bernardino County Recorder's Office does not contain any evidence of a recorded assignment from FFMLT TRUST 2005-FF2 and the Investors or Certificate holders **to** BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC have never been assigned their rights under the Note.

101.    The power of sale may not be exercised by any of the Defendants since there was never an' acknowledged and recorded assignment pursuant to California Civil Code § 2932.5.

102.    Since the Defendants did not comply with California Civil Code § 2932.5, the Notice of Default provisions of California Civil Code § 2924 and Notice of Sale provisions of California Civil Code § 2924(f) were likewise never complied with.

103.    BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC. have  never with

the Notice of Default provisions of California Civil Code § 2924 and Notice of Sale provisions

of California Civil Code § 2924(f).

**D.      Defendants' Lack of Standing to Enforce A Non-Judicial Foreclosure
          Pursuant To California Commercial Code §§ 3301, 3303, 3418 (d) and
          3605 (d).**

104.    A promissory note is personal property and the deed of trust securing a note is a mere

incident of the debt it secures, with no separable ascertainable market value.  **California Civil

Code §§ 657, 663.  Kirby v. Palos Verdes Escrow Co., 183 Cal. App. 3d 57, 62.**

105.    Any transfers of the note or obligation and mortgage fundamentally flow back to the

note:

**"The assignment of a mortgage without a transfer of the Indebtedness confers no right,

since debt and security are inseparable and the mortgage alone is not a subject of

transfer, " Hyde v. Mangan (1891) 88 Cal. 319, 26 P 180, 1891 Cal LEXIS 693; Johnson

v, Razy (1919)181 Cal 342, 184 P 657; 1919 Cal LEXIS 358, United States Court of

Appeals, Ninth Circ GUAM     , INC.,     Plaintiff-Appellee,     v.     FURUSAWA INVESTMENT

CORPORATION (Cite as: 947 F.2d 398) (1991). Julale Investment Corporation, and Yasuda

Shoji KK, Defendants-Appellants. No. 90-15248. uit. Bowman v. Sears (1923, Cal App) 63

Cal App 235, 218 P 489, 1923 Cal App LEXIS 199; Treat v. Burns (1932) 216 Cal 216, 13

P2d, 724, 1932 Cal LEXIS 554. (Cite as: 2008 WL 5170180 (N.D.Cal.)) United States

District Court, N.D. California. SAXON MORTGAGE SERVICES, INC., et al.,

Plaintiffs, v. Ruthie B. HILLERY, et al., Defendants. No. C-08-4357 EMC. Docket No. 7.

Dec. 9, 2008. See  In re Cases, 521 F.Supp.2d 650, 653 (S.D.Oh.2007) See Carpenter v.

Longan, 16 Wall. 271, 83 U.S. 271, 274, 21 L.Ed. 313 (1872) (stating that "[t]he note and**

mortgage are inseparable; the former as essential, the latter as an incident"; adding that "[a]n assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity"); *In re Leisure Time Sports, Inc.* 194 B.R. 859, 861 (9th Cir.1996) (stating that "[a] security interest cannot exist, much less be transferred, independent from the obligation which it secures" and that, "[i]f the debt is not transferred, neither is the security interest") *6 Whether or not Saxon, the servicer of the loan, has standing in the instant case rises and falls with whether or not Consumer has standing. *See In re Kang Jin Hwang,* 393 B.R. 701, 712 (C.D.Cal.2008) (indicating that a loan servicer cannot bring an action without the holder of the promissory note).

106.    "A mortgagee's purported assignment of the mortgage without an assignment of the debt which is secured is a legal nullity."    Kelley V. Upshaw (1952) 39 Cal 2d 179, 246 P2d 23, 1952 Cal. LEXIS 248.

107.    "A trust deed has no assignable quality independent of the debt; it may not be assigned or transferred apart from the debt; and an attempt to assign the trust deed without a transfer of the debt is without effect.**    Domarad v. Fisher & Burke, Inc. (1969 Cal. App. 1st Dist) 270 Cal. App. 2d 543, 76 Cal. Rptr. 529, 1969 Cal. App. LEXIS 1556.

108.    The Promissory Note as a mortgage is a non negotiable instrument.

109.    Transferring a Deed of Trust by itself does not allow enforcement of the instrument unless the Promissory Note is properly negotiated.

110.    Where an instrument has been transferred, enforceability is determined based upon possession.

111.    California Commercial Code § 3301 limits a negotiable instrument's enforcement to the following:

24

"Person entitled. to enforce" an Instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 3309 or subdivision (d) of § 3418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

112.    None of the Defendants are present holders of the instrument.

113.    None of the Defendants are holders in possession of the instrument who have rights of the holder.

114.    None of the Defendants are entitled to enforce the instrument pursuant to §§ 3301, 3302, 3303, 3309, 3605 (d) or subdivision (d) of Section 3418.

115.    Defendants have no enforceable rights under California Commercial Code 3301(a) to enforce the negotiable instrument.

116.    Since there is no right to enforce the negotiable instrument, the Notice of Default provisions of California Civil Code § 2924 and Notice of Sale provisions of California Civil Code § 2924(f) were likewise never complied with, and there is no subsequent incidental right to enforce any deed of trust and conduct a non-judicial foreclosure

117.    That the Trustee and the loan servicer are acting as agents of the Beneficiary and signing documents as the agent of the agent of the agent of the Beneficiary for Plaintiffs Notes and the notices therein, notwithstanding the fact that the Notes were not negotiable prior to the sale of the Subject Property.

118.    That by virtue of the method and manner of Defendants carrying out Civil Code § 2924 et seq., the foreclosure of the Subject Property is void ab initio as a matter of law.

119.    Defendants conduct as set forth above was intentional, oppressive fraudulent and malicious to justify an award of punitive damages in an amount sufficient that such conduct will not be repeated.

**I.**

**FIRST CAUSE OF ACTION**
**FOR DECLARATORY RELIEF AGAINST**
**(As Against All Defendants)**

120. Plaintiffs reallege and incorporate by reference the above paragraphs as set forth fully

121.  An actual controversy exists in which the parties must ascertain their rights, duties and right to title in the Subject Property.

122. An judicial determination is necessary that the parties may ascertain their rights, duties and right to title in the Subject Property.

123. The parties desire that the court may a judicial determination as to their rights, duties and right to title in the Subject Property.

124.    An actual controversy has arisen and now exists between Plaintiffs and Defendants, and each of them, concerning their respective rights, obligations and duties as it relates to the Subject Property in that Plaintiffs contend that Defendants, and each of them, that the loan which was made by BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC was unconscionable and unenforceable, in that the payments exceeded Plaintiffs' income, that Defendants did not disclose to Plaintiffs the terms and conditions of the loan, that subsequent holders of the note which was executed by Plaintiffs, including, but not limited to BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC  and  TRUSTEE, RECON TRUST

26

COMPANY, were not and are not lawful holders in due course of the Note and Deed of Trust executed by Plaintiffs that Defendants, and each of them, have no right to foreclose on Plaintiffs Trust Deed and Note, and that their application of Civil Code § 2924 is unlawful, that Defendants utilized the electronic recording system known as the **Mortgage Electronic Registration System(?),** in order to further their scheme to defraud Plaintiffs of their property by making appear that the assignment of the Note and Deed of Trust were lawful and executed in accordance with Civil Code § 2932.5 and Commercial Code § 3302 et seq., although in fact such transactions caused the Note to be rendered non-negotiable, and when the Note was assigned, the power of sale was not conveyed because the assignment was not recorded, and the manner in which the assignment was physically applied to the body of the Note rendered the Note non-negotiable, lacking the power of sale, the trustee **RECONTRUST COMPANY,** could not have lawfully proceeded with the foreclosure sale which is void ab initio, whereas defendant disputes these contentions and contends that irrespective of the fact that they do not own this security and cannot produce the original note and chain of title, and that they are following the requirements of Civil Code §  2924 they have a right to foreclose.

125.    Plaintiff desires a judicial determination of Defendants rights, obligations and duties, and a declaration as to who owns Plaintiffs' Subject Property.

**II.**
**SECOND CAUSE OF ACTION**
**FRAUD**
**(As Against All Defendants)**

126.    Plaintiffs reallege and incorporate by reference the above paragraphs as set forth fully herein.

27

127.    Plaintiffs allege that circa April 14, 2005, Defendants, and each of them, were engaged in an illegal scheme the purpose of which was to execute loans secured by real property in order to make commissions, kick-backs, illegal undisclosed yield spread premiums, and undisclosed profits by the sale of any instruments arising out of the transaction and to make loans to borrowers that they could not afford to repay given their stated financial situation. Plaintiffs allege that Defendants, and each of them, have represented to plaintiffs and to third parties that they were the owner of the Trust Deed and Note as either the Trustee or the Beneficiary regarding Plaintiffs real property. Based on this representation they caused a Notice of Default to be issued and recorded without disclosing their true role, and thereafter a notice of intent to foreclose and finally they executed a foreclosure, which was completed, permanently affecting Plaintiffs right, title and interest in the Subject Property.    In fact, Plaintiffs allege that the promissory notes which was executed by Plaintiffs and which initially formed a basis of a security interest in the subject property, were assigned in violation of Civil Code § 2932.5 et  seq. because the assignment was not recorded, and as such the promissory note was rendered as non-negotiable and no power of sale was conveyed with the note at the time of the assignment, and therefore, Defendants, and each of them, had no lawful security interest in the subject property.

128.    On or about, April 14, 2005, representatives, agents and/or employees of Defendants, and each of them, made false representations to Plaintiffs in order to fund a loan, in which the Plaintiffs' personal residence was to be security therefore. Plaintiffs allege that Defendants, and each of them, made certain representations regarding their honesty, that they were experts in obtaining loans which borrower's could afford and that they would only offer Plaintiffs a loan which was in their best interests given their credit history and financial needs and

COMPLAINT FOR DECLARATORY RELIEF, ETC.

1  limitations and that Plaintiffs could trust the representations of Defendants, and each of them.

2  Plaintiffs allege that based upon the representations made by Defendants, and each of them,

3  Plaintiffs reasonably reposed their trust in Defendants' representations and disclosed their

4  private financial information to Defendants, in order that Defendants could in keeping with

5  their representations, find a loan which was in the best interests of Plaintiffs given their

6  financial needs and limitations.  More particularly, Defendants, and each of them, represented

7  that they would not make a loan to Plaintiffs unless he could afford the loan, and that they

8  would not make the loan unless and until he had passed the underwriting guidelines of the

9  lender, which further assured that the loan being offered to Plaintiffs were in fact in the

10  Plaintiff's best interests, and that the loan was within Plaintiffs' financial needs and limitations.

11  129.    Plaintiffs allege that the loans provided by Defendants, and each of them, contained  a

12  repayment schedule which called upon Plaintiffs to pay the initial monthly sum of $1,092.29

13  whereas, Plaintiffs' total spendable income is approximately $1000.00, and that the loan

14  contained excessive financing was approved to allow closing costs to be financed, that

15  Defendants failed to utilize adequate due diligence regarding Plaintiffs' ability to repay the

16  loan, Defendants' as part of their continuing scheme intentionally placed Plaintiffs' in a sub-

17  prime loan to the benefit of the Defendants with excessively high interest rates, Defendants

18  failed to provide Plaintiffs mandated disclosures, and Defendants repeatedly employed

19  coercive tactics in order to force Plaintiffs to sign the loan documents.

20  130.    Plaintiffs are informed and believe and thereupon allege that defendants BANK OF

21  AMERICA and COUNTRYWIDE HOME LOANS INC. engaged in some degree in making

22  the loan to Plaintiffs including, but not limited to: made the loan to Plaintiffs by "marketing

23  and extending adjustable-rate mortgage ("ARM") products to Plaintiffs in an unsafe and

COMPLAINT FOR DECLARATORY RELIEF, ETC.

unsound manner that greatly increases the risk that Plaintiffs would default on the loan, because the initial payments on the loan exceeded Plaintiffs' established retirement income, and the loan terms offered to Plaintiffs/Borrowers included ARM products with one or more of the following characteristics: without to utilize an adequate analysis of the Plaintiffs/Borrowers ability to repay the debt at the fully-indexed rate; approving Plaintiffs without considering appropriate documentation and/or verification of their income; including substantial prepayment penalties and/or prepayment penalties that extend beyond the initial interest rate adjustment period; providing Plaintiffs with inadequate and/or confusing information relative to product choices, material loan terms and product risks, prepayment penalties, and the Plaintiffs/Borrowers obligations for property taxes and insurance; approving Plaintiffs for a loan with inadequate debt-to-income analyses that did not properly consider the Plaintiffs' ability to meet their overall level indebtedness and common housing expenses; and/or approving Plaintiffs for loan arrangements with loan-to-value ratios approaching or exceeding 100 percent of the value of the collateral;" and making Plaintiffs a mortgage loan without adequately considering the Plaintiffs ability to repay the mortgage according to its terms.

131.    Plaintiffs allege that based upon the foregoing representations of Defendants, and each of them, plaintiffs did in fact repose their trust in the representations of Defendants, and each of them, and that such trust was reasonable.

132.    Plaintiffs alleges that Defendants, and each of them, presented a loan to Plaintiffs whereby Defendants represented that they did qualify for ordinary underwriting, and that the loan was within Plaintiffs' personal financial needs and limitations given the confidential

financial information that Plaintiffs shared with Defendants, however, the true is that the loan payments exceeded Plaintiffs' established retirement income.

133.    Plaintiffs allege that Defendants, and each of them, had a duty to disclose the true cost of the loan which was made to Plaintiffs, and the fact that Plaintiffs could not afford the loan in the first instance BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC Defendants, and each of them, provided Plaintiff a loan through Defendants BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC, and Defendants, and each of them, were secretly compensated by BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC., however, they did not disclose for this loan that they were by being paid for its services, and in a spread of the yield of an amount which has not yet been fully ascertained as a Yield Spread Premium paid-outside and after the close of escrow by securitization of the Loan Documents.

134.    Plaintiffs are informed and believes and thereupon allege that after the close of escrow Defendants BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC., paid the other Defendants herein fees above and beyond the value of the services actually performed and an illegal kickback and added that additional amount to the total amount being financed, however such amount was never disclosed to Plaintiffs.

135.    Plaintiff acquired the foregoing property by virtue of the said funding through BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC based on the representations of Defendants, and each of them, that the loan was the best they could obtain for him, and that the loan was well within Plaintiffs' financial needs and limitations.

136.    Plaintiffs are informed and believe and thereupon allege that Defendants, and each of them, represented to Plaintiffs that Defendants, and each of them, were working for the benefit

31

of Plaintiff and in their particular best interest to obtain for him the best loan and at the best rates available.

137.    That at the time Defendants, and each of them, made the foregoing false representations to Plaintiffs they knew that they were untrue and that these representations were material representations, and that no basis in fact existed to support such fraudulent representations.

138.    That the foregoing representations were made in order to induce Plaintiffs to act on and take the said loan(s) in order for both defendants to make a substantial amount of money thereby and there from.

139.    Plaintiffs were in fact induced to and did take these loans based on the said fraudulent representations.

140.    That Plaintiffs were induced to rely and did rely on the representations of these defendants through deception and their reliance was justified, as they believed that Defendants, and each of them, were working for them and in their best interests.

141.    That by virtue of Plaintiffs' reasonable reliance and the increased interest they was made to pay, they has been damaged in the loss of their good credit and a higher payment and are now being involved in litigation that they did not bargain for, all to their damage and injury.

142.    Plaintiffs have relied on the representations of Defendant, and each of them, and because of this reliance have made various moves to avoid the foreclosure all to no avail, while defendants knew all the time that they were deceiving Plaintiffs.

32

143.    Plaintiffs reliance was justified based upon the false representations of Defendants, and each of them, and had no reason to believe that a party representing a bank would go to such lengths to deceive and to convert Plaintiffs' property by utilizing such a fraud and artifice.

144.    Plaintiffs are informed and believe that Defendants, and each of them, at the time of execution of the Deed of Trust and Note maintained an interest in the Subject Property, however at the time the Note and Deed of Trust were assigned to Defendants BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC , the Note was no longer negotiable and the power of sale was not conveyed during the assignment, notwithstanding the foregoing, Defendants, and each of them, foreclosed on Plaintiffs' Trust Deed, in concert with their scheme to defraud Plaintiff out of their property.

145.    Plaintiffs have recently learned that Defendants, and each of them, are not the legal owners of the Note and TRUST DEED and was not at the time they issued the notices and commenced the foreclosure process, notwithstanding the fact that the note was not negotiable and did not contain a valid power of sale.

146.    Plaintiffs allege that Defendants, and each of them, knew at the time they made these representations to Plaintiffs that they were untrue, and defendants know at the time that they were attempting to foreclose on Plaintiffs' Trust Deeds and notes that they had no right to do so.

147.    Plaintiffs allege Defendants, and each of them, intentionally and fraudulently converted Plaintiffs' right, title and interest to their property, and any equity therein.

148.    Plaintiffs allege that due to their reliance on Defendants representations he has been damaged in an amount that currently exceeds $1000,000 and additionally costs of moving out of Plaintiffs' property and the costs to relocate back to the subject Property.

33

COMPLAINT FOR DECLARATORY RELIEF, ETC.

149.   Additionally, Plaintiffs have been made to suffer deep and severe emotional distress mortification, anxiety and humiliation all to their damage and injury in an amount the totality of which has not yet been fully ascertained, but in no event less than the jurisdiction limitations of this court.

150.   Defendants' conduct as set forth above was intentional, oppressive fraudulent and malicious to justify an award of punitive damages in an amount sufficient that such conduct will not be repeated.

### III

**THIRD CAUSE OF ACTION**
**Tortuous Violation of Statute**
**Real Estate Settlement Procedures Act**
**12 USC § 2607 (b)**
**(As Against Defendants All Defendants)**

151.   Plaintiffs reallege and incorporate by reference the above paragraphs as set forth fully herein.

152.   Plaintiff alleges that The Congress by implementing Title 12 U.S.C. § 2601 stated the following Congressional findings and purpose:

      (a)   The Congress finds that significant reforms in the real estate settlement process are needed to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country. The Congress also finds that it has been over two years since the Secretary of Housing and Urban Development and the Administrator of Veterans' Affairs submitted their joint report to the Congress on ``Mortgage

34

Settlement Costs" and that the time has come for the recommendations for Federal legislative action made in that report to be implemented.

(b)     It is the purpose of this chapter to effect certain changes in the settlement process for residential real estate that will result--

(1)     In more effective advance disclosure to home buyers and sellers of settlement costs;

(2)     In the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services;

(3)     in a reduction in the amounts home buyers are required to place in escrow accounts established to insure the payment of real estate taxes and insurance; and

(4)     In significant reform and modernization of local recordkeeping of land title information.

153.     Plaintiff alleges that Defendants, and each of them, as will be set forth herein violated both the terms and spirit of sections 12 U.S.C. § 2601, etc. et seq., as more particularly alleged in paragraphs.

154.     Plaintiffs allege that they was in the group of persons for whom 12 U.S.C. § 2601, etc. et seq. was intended to protect and that Plaintiff suffered damages which were actually and proximately caused by Defendants' violations thereof.

155.     Plaintiffs allege that section 12 U.S.C. § 2607(d) (5) provides for a private right of action to recover damages and treble damages for violations therein. Said section provides both civil and criminal penalties for violations thereof.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

156.    That the failure to respond to plaintiffs R.E.S.P.A. constitute a violation of 12 USC § 2607(b) and that therefore as provided by statute are entitled to and seek treble damages therefore in a sum subject to proof at time of trial.

157.    Plaintiffs alleges that their claims regarding fees and penalties are not time barred as the purpose of these fees were not explained to Plaintiffs at the time of the closing and signing of the subject loan.

158.    Plaintiffs   have suffered damages actually and proximately caused by Defendants' violation of the within statute in an amount the totality of which has not yet been fully ascertained but, in no event less than the jurisdictional requirements of this court.

## IV.
## FOURTH CAUSE OF ACTION

**Reformation as BANK** OF AMERICA and COUNTRYWIDE HOME LOANS INC.
**COMPANY and Does 1-1000, Inclusive**

159.    Plaintiffs reallege and incorporate by reference the above paragraphs as set forth fully herein.

160.    Plaintiffs allege that BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC  committed a fraud against Plaintiffs in that BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC  employees and/or agents intentionally misrepresented to Plaintiffs that BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC  would only make a loan that Plaintiffs could afford to pay, said Defendant did not disclose the terms and conditions for repayment, interest, annual percentage rate, prior to obtaining Plaintiffs' signatures upon the deed of trust, and Plaintiffs were not informed at any time what the terms and conditions were contained in the loan produced by BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC.

161.   Plaintiffs allege that pursuant to Civil Code § 3399, that the loan documents, which were executed, did not truly express the intention of Plaintiffs, more particularly that the loan would have a repayment schedule that Plaintiffs could afford.

162.   Plaintiffs allege that utilization of any reasonable underwriting guidelines, Plaintiffs had no hope whatsoever of repaying the loan in as much as the initial payments were **$1,092.29** per month, whereas, Plaintiffs' stated, fixed spendable income was **$1000.00.**

163.   On or about, April 14, 2005, Plaintiffs financed and obtained a loan for $339,600.00 evidenced by a Trust Deed and Note on their home through BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC, a Mortgage Banker, which did not actually provided the funding. Plaintiffs allege that the loan contract was procedurally and substantively unconscionable because while the Plaintiffs' stated income at the time of making the loan was unknown to Plaintiffs, whereas, the payment on the loan which was $339,600.00 and $1,092,.29 per month, exceeded the Plaintiffs' spendable income, the employees and/or agents of BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC  did not disclose to Plaintiffs the terms and conditions of the repayment, and Plaintiffs executed documents without any explanation whatsoever.

164.   Plaintiffs allege that the employees and/or agents of BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC  represented that said employees and/or agents could work-around the fact that Plaintiffs' credit was not in good standing and could get Plaintiffs approved for the loan.  Defendants did not disclose at any time to Plaintiffs that the initial loan payment would exceed their entire income.

165.   Plaintiffs allege that the loan contract, deed of trust and accompanying documents were offered to Plaintiffs on a take it or leave it basis.

166.    Plaintiffs allege that Defendants BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC. had a superior bargaining strength over Plaintiffs, and that Plaintiffs were relegated only the opportunity to adhere to the contract or reject it, that BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC drafted all of the documents related to the loan, that no negotiations were possible between Plaintiffs and BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC, and that the contract was a contract of adhesion.

167.    Plaintiffs allege that the loan was unconscionable in that the repayment terms were unfair and unduly oppressive, because the payments exceeded Plaintiffs entire combined income and as such, Defendants, and each of them, cannot enforce the terms and conditions of the loan against Plaintiffs, and any non-judicial foreclosure arising there from is void.

168.    Plaintiffs are informed and believe and thereupon allege that Defendants, and each of them, entered into a fraudulent scheme, the purpose of which was to make a loan to Plaintiffs, which Defendants, and each of them, were keenly aware that Plaintiffs could not afford, at a cost way above the then prevailing market rate, made loans to Plaintiffs and falsely represented to Plaintiffs that they could not qualify for any other financing, that Plaintiffs could not qualify under any reasonably underwriting guidelines, that such scheme was devised to extract illegal and undisclosed compensation from Plaintiffs by virtue of an undisclosed yield spread premium and which Defendants, and each of them, shared in some presently unknown percentage.

169.    Plaintiffs allege that the court has by and through its inherent power and discretion, and further under the purview of *Civil Code § 3399*, the power to reform the terms of the loan to meet the Plaintiffs' expectations of the loan, its terms, the principal amount of the loan,

interest, and that the court place fair market value of the property of approximately $200,000.00 for purposes of reforming the terms and conditions of the loan.

170.   If Plaintiffs proceed with the invalid Foreclosure sale the Plaintiffs will obtain a void Trustee's Deed after Sale from, and that equity should confer upon said defendants a right of equitable indemnification as against BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC., for their fraud.

## V.
## FIFTH CAUSE OF ACTION
### To Quiet Title and Set Aside Foreclosure As Against All Defendants

171.   Plaintiffs reallege and incorporate by reference the above paragraphs as set forth fully herein.

172.   On or about, April 14, 2005, representatives, agents and/or employees of Defendants, and each of them, made false representations to Plaintiffs in order to fund a loan, in which the Plaintiffs' personal residence was to be security therefore. Plaintiffs allege that Defendants, and each of them, made certain representations regarding their honesty, that they were experts in obtaining loans which borrower's could afford and that they would only offer Plaintiffs a loan which was in their best interests given their credit history and financial needs and limitations and that Plaintiffs could trust the representations of Defendants, and each of them. Plaintiffs allege that based upon the representations made by Defendants, and each of them, Plaintiffs reasonably reposed their trust in Defendants' representations and disclosed their private financial information to Defendants, in order that Defendants could in keeping with their representations, find a loan which was in the best interests of Plaintiffs given their financial needs and limitations.  More particularly, Defendants, and each of them, represented

39

that they would not make a loan to Plaintiffs unless he could afford the loan, and that they would not make the loan unless and until he had passed the underwriting guidelines of the lender, which further assured that the loan being offered to Plaintiffs were in fact in the Plaintiff's best interests, and that the loan was within Plaintiffs' financial needs and limitations.

173.    The loan contained excessive financing was approved to allow closing costs to be financed, that Defendants failed to utilize adequate due diligence regarding Plaintiffs' ability to repay the loan, Defendants' as part of their continuing scheme intentionally placed Plaintiffs' in a sub-prime loan to the benefit of the Defendants with excessively high interest rates, Defendants failed to provide Plaintiffs mandated disclosures, and Defendants repeatedly employed coercive tactics in order to force Plaintiffs to sign the loan documents.

174.    Plaintiffs allege that due to the fraud of Defendants BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC, the title to the subject property has been rendered unmarketable in that BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC and RECONTRUST COMPANY and their assigns, have caused to be recorded as against the subject property documents which have clouded Plaintiffs' title thereto.

175.    Plaintiffs seek an Order of the court quieting title to the subject property as of April 14, 2005.

## VI.
## SIXTH CAUSE OF ACTION
### Violation of Business and Professions Code § 17200

**As Against** BANK OF AMERICA and COUNTRYWIDE HOME LOANS INC **and Does 1 through 1000, Inclusive**

176.    Plaintiffs reallege and incorporate by reference the above paragraphs as set forth fully herein.

**A.    Plaintiff Suffered Damages As A Result of Defendants' Conduct:**

40

177.    As a direct result of Defendants' acts, Plaintiffs have incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries.

178.    Plaintiffs incurred out of pocket monetary damages.

179.    Plaintiffs continue to incur monetary damages.

180.    Plaintiffs will incur the loss of their personal residence if a non-judicial foreclosure is allowed to proceed.

181.    Each of Defendants harassing acts were so willful, vexatious, outrageous, oppressive, and maliciously calculated enough, to warrant statutory penalties and punitive damages.

## VII.
## SEVENTH CAUSE OF ACTION
### Violation Of California Civil Code § 2923.6

182.    Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

183.    Defendants' Pooling and Servicing Agreement (hereinafter "PSA") contains a duty to maximize net present value to its investors and related parties.

184.    California Civil Code § 2923.6 broadens and extends this PSA duty by requiring servicers to accept loan modifications with borrowers.

185.    Pursuant to California Civil Code § 2923.6(a), a servicer acts in the best interest of all parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

186. California Civil Code § 2923.6(b) now provides that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

187. Plaintiffs' loan is presently in an uncertain state.

188. The present fair market value of the property is $ 200,000.00.

189. The Joint Economic Committee of Congress estimated in June 2007, that the average foreclosure results in $77, 935.00 in costs to the homeowner, lender, local government, and neighbors.

190. Of the $77,935.00 in foreclosure costs, the Joint Economic Committee of Congress estimates that the lender will suffer $50,000.00 in costs in conducting a non-judicial foreclosure on the property, maintaining, rehabilitating, insuring, and reselling the property to a third party. Freddie Mac places this loss higher at $58,759.00.

192. The $120,000 through foreclosure on a net present value basis is $40,000 more than the defendants will recover through foreclosure.

193. The recovery under the proposed loan modification at $160,000 exceeds the net present recovery through foreclosure of $120,000 by over $40,000.00

194. Pursuant to California Civil Code § 2823.6, Defendants are now contractually bound to accept the loan modification as provided above.

## VIII.
## EIGHTH CAUSE OF ACTION:
### Violation Of § 1788.17 Of The RFDCPA

195. Plaintiffs reallege and incorporates by reference the above paragraphs as though set forth fully herein.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

196.    *California Civil Code §1788.17* requires that Defendants comply with the provisions of *15 U.S.C. § 1692,* through their acts including but not limited to, the following:

    (a)    The Defendants violated *California Civil Code § 1788.17* by engaging in conduct, the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt, a violations of *15 U.S.C. § 1692(d);*

    (b)    The Defendants violated *California Civil Code § 1788.17* by misrepresenting the status of the debt, a violations of *15 U.S.C. § 1692(e) (s) (A);*

    (c)    The Defendants violated California *Civil Code § 1788.17* by using unfair or unconscionable means to collect or attempt to collect a debt, a violation *15 U.S.C. § 1692(f)*; and

    (d)    The Defendants violated *California Civil Code § 1788.17* by using deceptive means to collect or attempt to collect a debt from the Plaintiffs, a violation of *15 U.S.C. § 1692e (10).*

197.    The foregoing violations of *15 U.S.C. § 1692* by Defendants result in separate violations of *California Civil Code § 1788.17.*

198.    The forgoing acts by Defendants were willful and knowing violations of *Title 1.6C of the California Civil Code* (FRDCPA), are sole and separate violations under *California Civil Code § 1788.30(b)*, and trigger **multiple $1,000.00 penalties.**

199.    *California Civil Code § 1788.17* provides that Defendants are subject to the remedies of *15 U.S.C. § 1692(k),* for failing to comply with the provisions of *15 U.S.C. § 1692(b) (6) and § 1692(c) c.*

43

COMPLAINT FOR DECLARATORY RELIEF, ETC.

200.    The foregoing acts by Defendants were intentional persistent, frequent, and devious violations of *15 U.S.C. § 1692*, which trigger **additional damages of $1,000.00 under** *15 U.S.C. § 1692(k) (a) (2) (A)*.

## IX.
## NINTH CAUSE OF ACTION:
## Violation Of Civil Code § 1572

201.    Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

202.    The misrepresentations by Defendants' and/or Defendants' predecessors, failures to disclose, and failure to investigate as described above were made with the intent to induce Plaintiffs to obligate themselves on the Loan in reliance on the integrity of Defendants and/or Defendants' predecessors.

203.    Plaintiffs are unsophisticated customers whose Detrimental Reliance upon Defendants and/or Defendants' predecessors was reasonable and consistent with the Congressional intent and purpose of *California Civil Code § 1572* enacted in 1872 and designed to assist and protect consumers similarly situated as Plaintiffs in this action.

204.    As unsophisticated customers, Plaintiffs could not have discovered the true nature of the material facts on their own.

205.    The accuracy by Defendants and/or Defendants' predecessors of representation is important in enabling consumers such as Plaintiffs to compare market lenders in order to make informed decisions regarding lending transactions such as a loan.

206.    Plaintiffs were ignorant of the facts, which Defendants and/or Defendants' predecessors misrepresented and failed to disclose.

207.    Plaintiffs reliance on Defendants and/or Defendants' predecessors was a substantial factor in causing their harm.

208.    Had the terms of the Loan been accurately represented and disclosed by Defendants and/or Defendants' predecessors, Plaintiffs would not have accepted the Loan nor been harmed.

209.    Had Defendants and/or Defendants' predecessors investigated Plaintiffs financial capabilities, they would have been forced to deny Plaintiffs on this particular loan.

210.    Defendants and/or Defendants' predecessors conspired and agreed to commit the above mentioned fraud.

211.    As a proximate result of Defendants and or Defendants' predecessor's fraud, Plaintiff has suffered damage in an amount to be determined at trial.

212.    The conduct of Defendants and/or Defendants' predecessors as mentioned above was fraudulent within the meaning of *California Civil Code § 3294(c)(3)*, and by virtue thereof Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish and make an example of the Defendants.

## X.
## TENTH CAUSE OF ACTION:
## Injunctive Relief Against Defendants

213. Plaintiffs reallege and incorporates by reference the above paragraphs as though set forth fully herein.

214. Defendants do not have standing or enforceable right to enforce the note and any incidental right to collateral so as to foreclose on Plaintiffs' Home, including without limitation, conducting a trustee's sale relative to that property.

215. Defendants threaten to, and unless restrained, will foreclose upon Plaintiffs Home by conducting a trustee's sale or causing a trustee's sale to be conducted, or otherwise.

216. Any such action would result in a new cause of action for "wrongful foreclosure," cause irreparable harm to Plaintiffs, and will cause pecuniary compensation, which will not afford adequate relief because Plaintiffs' Home is unique.

217.    Injunctive relief is necessary to enjoin Defendants from foreclosing upon Plaintiffs' Home since they lack standing and any enforceable rights under the Promissory Note.

**WHEREFORE**, Plaintiff prays judgment as follows:

**FOR THE FIRST CAUSE OF ACTION:**

1.    For an Order, requiring Defendant to reinstate Plaintiffs on title on their Property,   and or a restraining order preventing Defendants and his, hers, or its agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering, or advertising this property for sale and (ii) attempting to transfer title to this property and or (iii) holding any auction or foreclosure therefore;

2.    For costs of suit incurred herein;

3.    For reasonable attorney's fees provided by contract or statute; and

4.    For such other and further relief as the court may deem just and proper.

**FOR THE SECOND CAUSE OF ACTION:**

1.    For compensatory damages according to proof at time of trial;

2.    For special damages according to proof at time of trial;

3.    For costs of suit incurred herein;

4.    For punitive damages subject to proof at time of trial;

5.    For costs of suit incurred herein;

6.    For reasonable attorney's fees provided by contract or statute; and

7.    For such other and further relief as the court may deem just and proper.

**FOR THE THIRD CAUSE OF ACTION:**

1.    For damages as provided by statute;

2.    For costs of suit incurred herein;

3.    For punitive damages are provided by statute;

4.    For reasonable attorney's fees subject to proof at time of trial;

5.    For such other and further relief as the court may deem just and proper.

**FOR THE FOURTH CAUSE OF ACTION:**

1.    For damages as provided by statute;

2.    For costs of suit incurred herein;

3.    For reasonable attorney's fees as provided by contract or statute; and

4.    For such other and further relief as the court may deem just and proper.

**FOR THE FIFTH CAUSE OF ACTION:**

1.    For general damages subject to proof at time of trial;

2.    For special damages subject to proof at time of trial;

3.    For costs of suit incurred herein;

4.    For reasonable attorney's fees subject to proof at time of trial; and

5.    For such other and further relief as the court may deem just and proper.

**FOR THE SIXTH CAUSE OF ACTION:**

1.    For an Order enjoining Defendants from continuing to violate the statutes alleged herein;

2.    For costs of suit incurred herein;

COMPLAINT FOR DECLARATORY RELIEF, ETC.

3.    For reasonable attorneys fees subject to proof and as available by contract or statute; and

4.    For such other and further relief as the court may deem just and proper.

**FOR THE SEVENTH CAUSE OF ACTION:**

1.    For an Order requiring Defendants to modify the existing loan as set forth herein;

2.    For costs of suit incurred herein;

3.    For reasonable attorneys fees subject to proof and as available by contract or statute; and

4.    For such other and further relief as the court may deem just and proper.

**FOR THE EIGHTH CAUSE OF ACTION:**

1.    For an Order enjoining Defendants from continuing to violate the statutes alleged herein;

2.    For costs of suit incurred herein;

3.    For reasonable attorneys fees subject to proof and as available by contract or statute; and

4.    For such other and further relief as the court may deem just and proper.

**FOR THE NINTH CAUSE OF ACTION:**

1.    For punitive damages subject to proof at time of trial;

2.    For costs of suit incurred herein;

3.    For reasonable attorney's fees subject to proof and as available by contract or statute; and

4.    For such other and further relief as the court may deem just and proper.

**FOR THE TENTH CAUSE OF ACTION:**

1.  For an Order, requiring Defendant to reinstate Plaintiffs on title to their Property, and or a restraining order preventing Defendants and his, hers, or its agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering, or advertising this property for sale and (ii) attempting to transfer title to this property and or (iii) holding any auction or foreclosure sale therefore;

2.  For costs of suit incurred herein;

3.  For reasonable attorney's fees provided by contract or statute; and

4.  For such other and further relief as the court may deem just and proper.

Dated:  February 16, 2010

_____        _____        _____
Plaintiff,  Jean  Keating,        Plaintiff, Devon Wood        Plaintiff    MU J/ Yun

COMPLAINT FOR DECLARATORY RELIEF, ETC.

**VERIFICATION**

We , the People of California, Mi J Yun, Jean Keating and Devon Wood,  the Plaintiffs in the above-entitled action have read the foregoing Complaint and know the contents thereof. The same is true of  our  own knowledge and belief, except as to those matters,  which are therein alleged on information and belief, and as to those matters, We believe  them to be true. We declare under penalty of perjury that the foregoing is  true  and  correct  and  that this declaration was executed this <u>16th</u> day of  February 2010, in  Rancho Cucamonga, California.

_____    _____    _____
Plaintiff Jean Keating               Plaintiff Devon Wood                Plaintiff  Mi  J  Yun

**PROOF OF SERVICE**

**I,  Al Pates Certify and Declare the following;**

**That I am  over 18 years of age and not a party to this action, that on February 16ᵗʰ, 2010 I  served a true and exact copy of this Amended Complaint to the district court of the United States, Central District, Southern Division   by depositing in the United States Post Office Postage Prepaid  in Rancho Cucamonga and on the Defendants Legal Counsel addressed as  follows:**

**DEBORAH YOON JONES**
**ADRIENE PLESCIA  LYNCH**
**333 SOUTH HOPE STREET**
**SIXTEENTH FLOOR,**
**LOS ANGELES, CALIFORNIA 90071-1406**

_____
**Al           Pates**

50

COMPLAINT FOR DECLARATORY RELIEF, ETC.