DIANE C. STANFIELD (State Bar No. 106366)
DEBORAH YOON JONES (State Bar No. 178127)
ADRIENE PLESCIA LYNCH (State Bar No. 259100)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: diane.stanfield@alston.com
Email: debbie.jones@alston.com
Email: adriene.lynch@alston.com

Specially Appearing for Defendants
**BAC HOME LOANS SERVICING, LP f/k/a
COUNTRYWIDE HOME LOANS SERVICING, LP
(erroneously sued and served as BANK OF AMERICA
and COUNTRYWIDE HOMES LOANS, INC.),
RECONTRUST COMPANY, N.A., and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF CALIFORNIA; MI J YUN, DEVON WOOD; AND JEAN KEATING AS EX RELATORS, et al., | Case No. EDCV09-02195 AG (MANx) |
| Plaintiffs, | Honorable Andrew J. Guilford |
| vs. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ADRIENE PLESCIA LYNCH IN SUPPORT THEREOF** |
| BANK OF AMERICA; COUNTRYWIDE HOME LOANS, INC.; RECONTRUST COMPANY, N.A.; as alleged TRUSTEE; MERS; and DOES 1-1000, | |
| Defendants. | **[Fed. R. Civ. P. 12(b)(6)]** |
| | [Filed concurrently with Request for Judicial Notice; and [Proposed] Order.] |
| | Date: April 12, 2010 |
| | Time: 10:00 a.m. |
| | Courtroom: 10D |
| | Complaint Filed: November 3, 2009 |
| | First Amended Complaint: February 16, 2010 |
| | Removal Filed: November 30, 2009 |
| | Trial Date: Not Assigned |

LEGAL02/31788743v2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 12, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10D of the above-entitled Court, located at 411 W. Fourth Street, Santa Ana, CA 92701, Defendants BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP (erroneously sued and served herein as Bank of America and Countrywide Home Loans, Inc.) ("BAC"), Recontrust Company, N.A. ("Recontrust"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") will move this Court for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing each and every Claim for Relief of the First Amended Complaint ("FAC") of Plaintiffs Mi J. Yun, Devon Wood and Jean Keating ("Plaintiffs"), on the grounds that Plaintiffs have failed to state any claim upon which relief may be granted.

As set forth more fully in the concurrently filed Declaration of Adriene Plescia Lynch ("Lynch Decl."), Defendants' counsel attempted to meet and confer in good faith with Plaintiffs on March 2, 2010 and March 3, 2010 (as required under Local Rule 7-3, C.D. Cal.) in an effort to avoid filing the instant Motion. [Lynch Decl., ¶¶ 2-4.] Plaintiffs failed to return telephone messages left for them or to otherwise respond to Defendants' efforts to this date, and therefore this Motion is necessary.

**Motion to Dismiss Claims Of Plaintiffs Wood and Keating**

As to Plaintiffs Wood and Keating, Defendants will move to dismiss the FAC in its entirety, including the First Claim for Relief; Second Claim for Relief; First Cause of Action [sic; paragraphs 120-125 are erroneously labeled "First Cause of Action"]; Second Cause of Action [sic; paragraphs 126-150 are erroneously labeled "Second Cause of Action"]; Third Cause of Action; Fourth Cause of Action; Fifth Cause of Action; Sixth Cause of Action; Seventh Cause of Action; Eighth Cause of Action; Ninth Cause of Action; and Tenth Cause of Action. (Whether denominated a Claim for Relief of Cause of Action, they are referred to herein as "Claim for Relief"). ///

The Motion will be made on the ground that Plaintiffs Wood and Keating lack standing to pursue the claims. Each and every Claim for Relief is based on alleged conduct relating to the subject loan to which neither such Plaintiff is a party. Plaintiffs Wood and Keating are not signatories to the alleged Promissory Note, Deed of Trust or other Loan Documents that underlie each and every Claim for Relief in the FAC, thus they lack standing to complain of the alleged conduct related thereto.

### Motion to Dismiss Claims of Purported Plaintiff Mi J. Yun

As to purported Plaintiff Mi J. Yun, Defendants will move to dismiss the FAC in its entirety, including the First Claim for Relief; Second Claim for Relief; First Cause of Action [sic; paragraphs 120-125 are erroneously labeled "First Cause of Action"]; Second Cause of Action [sic; paragraphs 126-150 are erroneously labeled "Second Cause of Action"]; Third Cause of Action; Fourth Cause of Action; Fifth Cause of Action; Sixth Cause of Action; Seventh Cause of Action; Eighth Cause of Action; Ninth Cause of Action; and Tenth Cause of Action.

The Motion will be made on the ground that there is reason to believe that Ms. Yun is not an actual participant in this matter, but rather was added in name only by Plaintiffs Wood and Keating in an attempt to cure their fatally deficient lack of standing, without authority or permission, and by apparently forging her signatures on the FAC and attached Verification (the "Questioned Signatures").

Defendants have filed, concurrent with this Motion, a Request for Judicial Notice requesting the Court to take judicial notice of the lack of authenticity of the Questioned Signatures, based on resort to undisputably reliable examples of Ms. Yun's genuine signature. Defendants respectfully submit that this Court may and should require Ms. Yun to appear in person, with satisfactory evidence of her identity, to confirm her actual and willing participation as a prerequisite to allowing the action to proceed in her name. Neither Mr. Keating nor Mr. Wood purport to be attorneys, and they may not represent Ms. Yun in this action. If Ms. Yun is appearing *in pro per*, she must actually appear.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC
LEGAL02/31788743v2

1

**Motion to Dismiss As To All Plaintiffs**

2      In addition, and if the FAC is not dismissed in its entirety on the grounds set

3   forth above, Defendants move as follows:

4      1.      Defendants move to dismiss the First Claim for Relief; Second Claim for

5   Relief; First Cause of Action [sic; paragraphs 120-125 are erroneously labeled "First

6   Cause of Action"]; Second Cause of Action [sic; paragraphs 126-150 are erroneously

7   labeled "Second Cause of Action"]; Third Cause of Action; Fourth Cause of Action;

8   Fifth Cause of Action; Sixth Cause of Action; Seventh Cause of Action; Eighth Cause

9   of Action; Ninth Cause of Action; and Tenth Cause of Action on the ground that

10   Plaintiffs have failed to make a proper tender of actual value in payment of the

11   amounts owed under the alleged loan, therefore they lack standing to pursue any claim

12   for relief attempting to invalidate or enjoin any proposed foreclosure of the Deed of

13   Trust;

14      2.      Defendants move to dismiss the First Cause of Action on the ground that

15   it fails to state a claim, in that the allegation that MERS lacks capacity to foreclose

16   fails as a matter of law;

17      3.      Defendants move to dismiss the Second Claim for Relief, and the

18   Second, Fourth, Fifth and Ninth Causes of Action on the ground that they are time-

19   barred;

20      4.      Defendants move to dismiss the Third Cause of Action for "Tortuous

21   Violation of Statute Real Estate Settlement Procedures Act" on the ground that the

22   statute of limitations has expired with respect thereto;

23      5.      Defendants move to dismiss the Seventh Cause of Action for "Violation

24   of California Civil Code section 2923.6 on the grounds that no private right of action

25   exists for its violation, and on the additional ground that the statute does not require a

26   lender to offer a loan modification nor mandate acceptance of a modification

27   suggested by borrower.

28   //

1    The Motions are based on this Notice of Motions and Motions, the attached

2    Memorandum of Points and Authorities, the concurrently filed Request for Judicial

3    Notice, the pleadings and papers on file in this action, the oral argument of counsel,

4    and such other and further matters as the Court may consider.

6    Dated: March 8, 2010                 DIANE C. STANFIELD
                                          DEBORAH YOON JONES
7                                         ADRIENE PLESCIA LYNCH
8                                         **ALSTON & BIRD LLP**

9                                         By: _____/s/ Diane C. Stanfield_____
10                                                  Diane C. Stanfield

11                                        Specially Appearing for Defendants
                                          **BAC HOME LOANS SERVICING, LP**
12                                        **f/k/a COUNTRYWIDE HOME LOANS**
                                          **SERVICING, LP (erroneously sued and**
13                                        **served as BANK OF AMERICA and**
                                          **COUNTRYWIDE HOMES LOANS,**
14                                        **INC.), RECONTRUST COMPANY,**
                                          **N.A., and MORTGAGE ELECTRONIC**
15                                        **REGISTRATION SYSTEMS, INC.**

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC
LEGAL02/31788743v2

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................1

II.     THE CLAIMS OF PURPORTED PLAINTIFF YUN SHOULD BE
        DISMISSED WITH PREJUDICE ABSENT CONVINCING EVIDENCE
        THAT HER PURPORTED SIGNATURES ARE GENUINE .....................................2

III.    THE FAC SUFFERS FROM ADDITIONAL FATAL DEFICIENCIES AND
        SHOULD BE DISMISSED WITH PREJUDICE ..........................................................3

IV.     STANDARD FOR MOTION TO DISMISS ...............................................................3

V.      PLAINTIFFS LACK STANDING TO ASSERT THE ALLEGED CLAIMS..............5

        A.      Plaintiffs Keating and Wood Are Not Party to the Note, Deed of Trust,
                or Other Loan Documents, Therefore All Claims Must be Dismissed
                With Prejudice As to Those Plaintiffs ...............................................................5

VI.     PLAINTIFFS HAVE FAILED TO ALLEGE A TENDER OF ALL SUMS
        DUE, WHICH IS A PREREQUISITE TO MAINTAINING CAUSES OF
        ACTION CHALLENGING THE PROPRIETY OF A FORECLOSURE,
        THEREFORE EACH OF PLAINTIFFS' CLAIMS FOR RELIEF AND
        CAUSES OF ACTION FAILS TO STATE A CLAIM ................................................8

VII.    PLAINTIFFS' CLAIMS IN THE FIRST CAUSE OF ACTION
        CHALLENGING THE CAPACITY OF MERS TO FORECLOSE ARE
        INCORRECT AS A MATTER OF LAW ....................................................................11

VIII.   PLAINTIFFS' SECOND CLAIM FOR RELIEF AND THEIR SECOND,
        FOURTH, FIFTH AND NINTH CAUSES OF ACTION ARE BARRED BY
        THE STATUTE OF LIMITATIONS ..........................................................................13

IX.     PLAINTIFFS' THIRD CAUSE OF ACTION IS BARRED BY THE
        STATUTE OF LIMITATIONS ..................................................................................13

X.      PLAINTIFFS' SEVENTH CAUSE OF ACTION FAILS TO STATE A
        CLAIM FOR RELIEF ...............................................................................................16

XI.     CONCLUSION .........................................................................................................16

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Alicea v. GE Money Bank,*
   2009 U.S. Dist. LEXIS 60813 (N.D. Cal. July 15, 2009)..........................................................8

*Ayala v World Sav. Bank, FSB,*
   616 F. Supp. 2d 1007 (C.D. Cal. 2009) ................................................................13

*Balistreri v. Pacifica Police Dep't,*
   901 F.2d 696 (9th Cir. 1990) ..............................................................4

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544, 127 S. Ct. 1955 (2007)..............................................................4

*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.,*
   436 F. Supp. 2d 1095 (2006) ..............................................................4

*Gaitan v. Mortg. Elec. Registration Sys.,*
   No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729 (C.D. Cal. Oct. 5, 2009)..................16

*Hana Fin., Inc. v. Hana Bank,*
   500 F. Supp. 2d 1228 (2007) ..............................................................3

*In re Stac Elecs. Sec. Litig.,*
   89 F.3d 1399 (9th Cir. 1996) ..............................................................4

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992)..............................................................7

*Maguca v. Aurora Loan Servs.,*
   No. SACV 09-1086 JVS (ANx), 2009 WL 3467750 (C.D. Cal. Oct. 28, 2009)....................12

*Mertan v. Am. Home Mortg. Servicing,*
   No. SACV 09-723 DOC (PJWx), 2009 WL 3296698 (C.D. Cal. Oct. 13, 2009) ..................16

*Mills v. Equicredit Corp.,*
   294 F. Supp. 2d 903 (E.D. Mich. 2003)..............................................................14

*Pedraza v. United Guar. Corp.,*
   114 F. Supp. 2d 1347 (S.D. Ga. 2000) ..............................................................14-15

*Reynoso v. Chase Home Finance,*
   No. C 09-02190 MEJ, 2009 WL 5069140 (N.D. Cal. Dec. 17, 2009) ..............................15-16

*Rita P. Dinsmore-Thomas v. Ameriprise Financial, Inc.,*
   No. SACV 08-587 DOC (PLAx), 2009 WL 2431917 (C.D. Cal. Aug. 3, 2009) ...............9-10

**CALIFORNIA CASES**

*Abdallah v. United Sav. Bank,*
    43 Cal. App. 4th 1101 (1996) ............................................................................8

*Arnolds Mgmt. Corp. v. Eishcen,*
    158 Cal. App. 3d 575 (1984) .............................................................................8

*Karlsen v. Am. Sav. & Loan Ass'n,*
    15 Cal. App. 3d 112 (1971) ...............................................................................9

*United States Cold Storage v. Great W. Sav. & Loan Ass'n,*
    165 Cal. App. 3d 1214 (1985) ...........................................................................8

**OTHER STATE CASES**

*Mortg. Elec. Registration Sys. v. Revoredo,*
    955 So. 2d 33 (Fla. Dist. Ct. App. 3d Dist. 2007)...................................... 11-12

**FEDERAL STATUTES**

12 U.S.C. § 2607(a) ...............................................................................................14

12 U.S.C. § 2607(b) ...............................................................................................13

12 U.S.C. § 2614......................................................................................................13

**STATE STATUTES**

California Business and Professions Code section 17200 .........................................6

California Civil Code section 2923.6.............................................................. 3, 5-6, 15

California Code of Civil Procedure section 338 ........................................................12

**RULES**

Federal Rules of Civil Procedure, Rule 8 .................................................................4

Federal Rules of Civil Procedure, Rule 12(b)(6) ..................................................3, 12

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC

LEGAL02/31788743v2

1            **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.    INTRODUCTION**

3          This is Plaintiffs' second effort to state a claim in this case, and they have failed

4  yet again.  The First Amended Complaint ("FAC") suffers from the same fundamental

5  and fatal deficiencies as the original Complaint in this matter ("Complaint") (standing

6  and failure to allege a proper tender of payment); additional deficiencies are described

7  in detail below. .

8          At the outset, as described at length in Defendants' Motion to Dismiss the

9  Complaint (granted by this Court on January 25, 2010), neither of the original

10 Plaintiffs in this matter (Jean Keating and Devon Wood) is a borrower on the loan at

11 issue here.  As set forth in the Adjustable Rate Note ("Note," a copy of which is

12 attached as Exhibit A to Defendants' Request for Judicial Notice granted on January

13 25, 2010 ("First RJN")) as well as the Adjustable Rate Rider (Exhibit B to the

14 Complaint), the borrower is Mi J. Yun.  Neither Keating nor Wood is named on the

15 Deed of Trust (Exhibit B to the First RJN).  Indeed, these Plaintiffs' sole relationship

16 to this transaction is an eleventh hour transfer of title by the borrower to Plaintiffs to

17 shelter the secured property from foreclosure.  No consideration for the transfer is

18 alleged, nor is it alleged that Plaintiffs assumed the subject loan or that Defendants

19 consented to the transfer of title.[1]  Accordingly, this Court held on January 25, 2010,

20 that neither Keating nor Wood has standing to assert claims for conduct arising out of

21 the loan to Ms. Yun (the "Loan Transaction"), and dismissed the original Complaint

22 with leave to amend.

23         In their FAC, Wood and Keating have attempted to cure this fatal deficiency by

24 simply adding the borrower's name as a Plaintiff.  The last page of the FAC purports

25 to be signed by all three Plaintiffs.  However, there is now a new and more troubling

26 problem with the pleading: Ms. Yun's signature strongly appears to be a forgery.

27

28 [1] Indeed, the Grant Deed on which Plaintiffs rely (Exhibit G to the Complaint) states that it
   was a "gift."

## II. THE CLAIMS OF PURPORTED PLAINTIFF YUN SHOULD BE DISMISSED WITH PREJUDICE ABSENT CONVINCING EVIDENCE THAT HER PURPORTED SIGNATURES ARE GENUINE

The first indication that Ms. Yun's signatures were not her own was that the FAC repeatedly refers to the borrower as "he." However, the Deed of Trust signed by Ms. Yun states that she is a "married woman." While Defendants briefly considered the possibility that this was simply a drafting error, it did not take more than a passing look to realize that Ms. Yun's "signature" on the FAC (as well as her "signature" on the Verification to the FAC, which purports to be signed by Ms. Yun *under penalty of perjury*), is an obvious fraud.

The two signatures (the "Questioned Signatures") bear no resemblance whatsoever to Ms. Yun's signature on the Adjustable Rate Note (Exhibit A to the Defendants' First RJN; Exhibit 2 to the FAC), the Prepayment Penalty Addendum (Exhibit A to Defendants' First RJN), the *notarized* signature on the Deed of Trust (Exhibit B to Defendants' First RJN), or her signature on the Adjustable Rate Rider (Exhibit B to Defendants' First RJN).[2] In fact, the only other signatures that the Questioned Signatures resemble are those of Mr. Keating and Mr. Wood that appear on the same pages.

There is no contact information provided for Ms. Yun on the FAC other than the address and phone number used by Keating and Wood on both their original Complaint and the FAC, and Defendants have been unable to reach her to discuss her presence in the action. As stated in the Declaration of Adriene Lynch, when she called to request a meet and confer with all three Plaintiffs, her calls were never returned.

For all these reasons, Defendants cannot help but question whether Ms. Yun is even aware of the use of her name in this action. The issues of forgery and perjury

---

[2] Additionally, Defendants are in possession of approximately 25 other consistent examples of Ms. Yun's signatures, none of which are at all similar to those appearing on the FAC.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC

LEGAL02/31788743v2

1  will most certainly be pursued by Defendants in due course. Preliminary to that,

2  however, Defendants submit that this Court can and certainly should take judicial

3  notice that the Questioned Signatures are not authentic, and require Ms. Yun to be

4  present in Court, with proper identification, in order not to have her purported claims

5  dismissed with prejudice.

6  **III.    THE FAC SUFFERS FROM ADDITIONAL FATAL DEFICIENCIES**

7  **        AND SHOULD BE DISMISSED WITH PREJUDICE**

8         Even overlooking the rather heart-stopping insult to the judicial system

9  described above, Plaintiffs' FAC suffers from additional fatal deficiencies. With or

10  without Ms. Yun's presence in the action, Plaintiffs Wood and Keating are not proper

11  parties to claims arising from the Note, Deed of Trust and related documents (the

12  "Loan documents"), to which they are not parties. Any claims brought in their names

13  should be dismissed with prejudice, as this is an incurable flaw in their pleadings.

14         Additionally, as noted in Defendants' Motion to Dismiss the original

15  Complaint, it is well-established under California law that before a plaintiff can seek

16  to challenge or otherwise prevent a foreclosure sale, the plaintiff must first tender all

17  outstanding amounts owed – and it must do so prior to filing a lawsuit. In response to

18  this problem, Plaintiffs have included a conclusory allegation claiming that they

19  "tendered" payment. However, as set forth below, this bare and unsupported

20  allegation falls far short of the requirement of an proper tender of actual value, and

21  their action must be dismissed with prejudice in its entirety.

22         Individual claims for relief suffer from additional problems as set forth below;

23  several of Plaintiffs' claims are time barred, and others fail as a matter of law.

24  **IV.    STANDARD FOR MOTION TO DISMISS**

25         A complaint shall be dismissed when it fails to state a claim upon which relief

26  can be granted. *See* Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion challenges the

27  sufficiency of the pleadings set forth in the complaint. *See Hana Fin., Inc. v. Hana*

28  *Bank*, 500 F. Supp. 2d 1228, 1232 (2007).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC

LEGAL02/31788743v2

In order to survive such a motion, a complaint must contain factual allegations that do more than invite mere speculation. *See Hana Fin., Inc. v. Hana Bank*, 500 F. Supp. 2d at 1232. While the Court must accept as true all material allegations, as well as reasonable inferences to be drawn therefrom, the Court is not required to accept "unreasonable inferences or conclusory legal allegations cast in the form of factual allegations." *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1098 (2006). This occurs when a plaintiff's complaint fails to provide grounds for his or her entitlement to relief. *See* Fed. R. Civ. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a Cause of Action" will not suffice to overcome a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65.

Dismissal is proper where there is either "a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (internal citations omitted). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965.

Application of these standards to the instant facts requires that Plaintiffs' FAC be dismissed in its entirety.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

1
2

**V.    PLAINTIFFS LACK STANDING TO ASSERT THE ALLEGED
CLAIMS**

3
4
5

      **A.    Plaintiffs Keating and Wood Are Not Party to the Note, Deed
of Trust, or Other Loan Documents, Therefore All Claims
Must be Dismissed With Prejudice As to Those Plaintiffs**

6
7
8
9
10
11
12
13
14
15
16

      Plaintiffs freely acknowledge in their FAC that the "gravamen of Plaintiffs
complaint is that Defendants violated State and Federal laws which were specifically
enacted to protect such abusive, deceptive and unfair conduct by Defendants, and **that
Defendants cannot legally enforce a non-judicial foreclosure.**" (FAC, p. 19:15-18
(emphasis added).)   Plaintiffs allege all manner of claims to support this ultimate
conclusion, but it is abundantly clear that their end-game is to stop foreclosure on a
property that they acquired – apparently for free -- just days before the scheduled
foreclosure sale.   However, because Plaintiffs are not party to the Note or Deed of
Trust, they lack standing to complain of the acts they allege; they cannot and do not
allege that they have suffered any injury or damages from these alleged acts.
Specifically:

17
18
19
20
21
22
23
24

     •   The "First Claim for Relief" complains of alleged conduct ranging from
the lack of consideration for the Note, Defendants' alleged failure to
comply with RESPA at the origination of the Note, lack of proper
execution of the Deed of Trust, discharge of the borrower based on
various California Commercial Code and Civil Code sections relating to
execution of the Note, and claims related to the alleged sale of the Note
in connection with an alleged Pooling and Servicing Agreement, all
leading to a prayer for relief prohibiting Defendants from foreclosing.

25
26
27
28

     •   The "Second Claim for Relief" complains of alleged misrepresentations
to the borrower to induce her to enter into the Loan Transaction, the
borrower's alleged lack of negotiating power, Defendants' alleged lack of
possession of the Note, unconscionability of the Loan Transaction, and

LEGAL02/31788743v2

alleged non-negotiability of the Note; it also invokes Civil Code section 2923.6 which, as set forth below, does not provide a private right of action to even the borrower. All of this leads to their alleged conclusion that Defendants lack standing to foreclose.

- The "First Cause of Action" asks for declaratory relief based on alleged unconscionability of the Loan Transaction, the allegation that an assignment of the Note rendered it non-negotiable, and the utilization of MERS as the named beneficiary with the power to foreclose (as set forth below, use of MERS as an agent for foreclosure is an accepted and established mechanism that has been sanctioned by the Courts).

- The "Second Cause of Action" is based, again, on alleged misrepresentations and alleged "coercive tactics" used to "force" the borrower to sign the Loan Documents. Although Plaintiffs claim that "Plaintiffs" were coerced to sign, since they are not signatories, this allegation must be limited to the alleged actual borrower.

- The "Third Cause of Action" is based on alleged violations of RESPA at the inception of the Loan Transaction.

- The "Fourth Cause of Action" asks for reformation of the Note, Deed of Trust and related documents based on alleged fraud at the time the loan was initiated.

- The "Fifth Cause of Action" asks for quiet title and to set aside a foreclosure that has allegedly occurred, again based on alleged misrepresentations made to the borrower at the time the Loan was made.

- The "Sixth Cause of Action" for alleged violation of Business and Professions Code section 17200 simply incorporates the previously alleged conduct related to the Loan Transaction and, without more, alleges a right to damages and punitive damages based on that conduct.

- The "Seventh Cause of Action" alleges that Defendants had an obligation

6

to accept a loan modification with the borrower based on California Civil Code section 2923.6. Not only do Keating and Wood lack standing to complain of this because they are not the borrower, but the cited statute provides no private right of action and does not, as Plaintiffs allege, require that a lender modify a loan. (See discussion at Section X below).

- The "Eighth Cause of Action" alleges that Defendants have been guilty of violations of the Fair Debt Collections Practices Act based on allegations related to collection of a loan to which neither Keating nor Wood is a party.

- The "Ninth Cause of Action" again alleges fraud based on conduct related to the inception of the Loan Transaction.

- Finally, the "Tenth Cause of Action" requests a determination that Defendants do not have standing to foreclose on the Deed of Trust; not only is this incorrect, as discussed below, but again neither Keating nor Wood is a party to the Deed of Trust.

The lack of standing of Plaintiffs Keating and Wood is an incurable flaw in each and every one of their claims. There is nothing either of them can do to change that fact. For that reason, the FAC must be dismissed with prejudice as to those Plaintiffs. As stated by this Court in its January 25, 2010 Order Granting Defendants' Motion to Dismiss:

> "To satisfy Article III's standing requirement, a plaintiff must demonstrate: (1) an injury that is concrete, particularized, and actual or imminent; (2) a causal connection between the injury and the challenged conduct, such that the injury may be fairly traceable to that conduct; and (3) a likelihood that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Defendants submit that Plaintiffs have not alleged, and cannot demonstrate, injury based on the allegations of the FAC. They are strangers to the transaction of which they complain, and to the history thereof; they were nowhere in sight when the

1  conduct complained of allegedly occurred. They lack standing, and their claims

2  should be dismissed from this action with prejudice.

3  **VI.  PLAINTIFFS HAVE FAILED TO ALLEGE A TENDER OF ALL SUMS**

4  **DUE, WHICH IS A PREREQUISITE TO MAINTAINING CAUSES OF**

5  **ACTION CHALLENGING THE PROPRIETY OF A FORECLOSURE,**

6  **THEREFORE EACH OF PLAINTIFFS' CLAIMS FOR RELIEF AND**

7  **CAUSES OF ACTION FAILS TO STATE A CLAIM**

8  In Defendants' Motion to Dismiss the Complaint, they moved to dismiss all of

9  the claims which were implicitly integrated with a foreclosure sale,[3] on the ground

10  that a plaintiff who challenges a foreclosure sale is "required to allege tender of the

11  amount of ... secured indebtedness in order to maintain any cause of action for

12  irregularity in the sale procedure." *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th

13  1101, 1109 (1996) (affirming order dismissing claim **without leave to amend**); *see*

14  *also, Arnolds Mgmt. Corp. v. Eishcen*, 158 Cal. App. 3d 575, 578 (1984) (recognizing

15  that a plaintiff who seeks to challenge a foreclosure sale must first tender all

16  outstanding monies owed *prior to the commencement of the action*). "It is settled that

17  an action to set aside a trustee's sale for irregularities in sale notice or procedure

18  should be accompanied by an offer to pay the full amount of the debt for which the

19  property was security." *Arnolds Mgmt. Corp. v. Eishcen*, 158 Cal. App. 3d at 578.

20  *See also, United States Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d

21  1214, 1225 (1985) (affirming judgment of nonsuit as a result of plaintiff's failure to

22  first make a full tender).

23  The requirement of such a tender applies to any claim "implicitly integrated"

24  with the foreclosure sale. *See Arnolds Mgmt. Corp.*, 158 Cal. App. 3d at 579 ("A

25  cause of action 'implicitly integrated' with the irregular sale fails unless the trustor

26

27  ───────────────

28  [3] The tender requirement applies regardless of whether the foreclosure sale is "pending or
has taken place." *Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 60813 at \*7-8 (N.D.
Cal. July 15, 2009).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC
LEGAL02/31788743v2

can allege and establish a valid tender.") (affirming sustaining of demurrer **without leave to amend** on claims of wrongful foreclosure, fraud, and negligence relating to foreclosure sale). *See also, Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112 (1971) (holding plaintiff's claims for breach of oral agreement, accounting, and constructive trust were implicitly integrated with the foreclosure, and fail because plaintiff never made a valid tender).

In this case, every one of Plaintiffs' ten Claims for Relief/Causes of Action is implicitly integrated with the foreclosure of the property, as each seeks in some fashion to invalidate or enjoin the foreclosure process. Thus, Plaintiffs' failure to allege that they have tendered full payment renders each of these claims insufficient as a matter of law, and each should be dismissed with prejudice.[4]

Plaintiffs attempt to resolve this deficiency by alleging that Plaintiffs "tendered to defendants the sum of approximately $339,600.00, the amount that was due and payable as of said date to defendants said amount was communicated at Countrywide Bank...." (FAC, p. 3:12-15.) However, it is not sufficient to simply say the words alleging a tender; it is incumbent on Plaintiffs to allege a **proper tender of actual value**. *See, e.g., Rita P. Dinsmore-Thomas v. Ameriprise Financial, Inc.*, No. SACV 08-587 DOC (PLAx), 2009 WL 2431917 (C.D. Cal. Aug. 3, 2009) (holding that an attempted tender of payment by a private bond, claimed to be worth one-million dollars, was insufficient to prohibit a foreclosure):

> Finally, the Court notes that in a similar California case in which the defendant lender foreclosed on plaintiff borrowers home despite plaintiffs' contention that they had tendered payment in full, the California Court of Appeal held that foreclosure was proper where plaintiffs proffered tender with a worthless bond, despite the fact that the defendant lender twice failed to respond to the tender. *McElroy v. Chase Manhattan Mortg. Corp.*, 134 Cal. App. 4th 388, 390, 394, 36

---

[4]    Although not at issue on this Motion, the amount of the requisite tender is not limited to the missed mortgage payments in this case. Rather, because the borrower attempted to transfer his interest in the property to Plaintiffs without first obtaining the written consent of his lender, the entire loan balance was accelerated under the Promissory Note. *See* First RJN, Exh. B at p. 12, ¶ 18. As such, Plaintiffs are required to tender the full loan balance plus outstanding interest and attorneys' fees before they can proceed with challenging the foreclosure of the property. *See id.*

9

Cal.Rptr.3d 176 (2005). Thus, failure to respond to worthless tenders does not appear to make an otherwise legitimate foreclosure instead wrongful.

Indeed, in *McElroy*, plaintiff borrowers contended that under California Civil Code § 1501 and California Code of Civil Procedure § 2076, the defendant lender's "alleged failure to respond [to the tender] waived any objections to their tender of payment thereby discharging the debt by operation of law." *Id.* at 393, 36 Cal.Rptr.3d 176. However, the *McElroy* Court noted that " '**[t]he purpose of these two code sections is to allow a debtor who is willing and able to pay his debt to know what his creditor demands so that the debtor may if he wishes, make a conforming tender.**' " *Id.* at 394, 36 Cal.Rptr.3d 176 (quoting *Noyes v. Habitation Resources, Inc.*, 49 Cal. App. 3d 910, 914, 123 Cal.Rptr. 261 (1975)). As such, " '[t]hese statutory provisions do not apply where, as here, the amount of the creditor's demand is known to the debtor and the amount of the tender is wholly insufficient." *Id.* (quoting *Gaffney v. Downey Savings & Loan Assn.*, 200 Cal. App. 3d 1154, 1166, 246 Cal.Rptr. 421 (1988). In the instant case, Plaintiff makes no assertion that she did not know the amount demanded by the creditor. *** Thus, with no affirmative evidence that Plaintiff was unaware of the amount due on her note, the Court cannot find that Defendant's alleged failure to respond to worthless tender operates as a discharge of the debt.

As stated in *McElroy*, "[s]ince the Bill purports to identify the source of the Secretary of the Treasury's obligation to honor the Bill, and the cited source does not establish an obligation, **we unhesitatingly conclude the Bill is a worthless piece of paper, consisting of nothing more than a string of words that sound as though they belong in a legal document, but which, in reality, are incomprehensible, signifying nothing.**" *McElroy*, 134 Cal. App. 4th at 393, 36 Cal.Rptr.3d 176. As such, the Private Bond, as a worthless piece of paper, cannot constitute a legitimate tender."

***

As a result, **because Plaintiff failed to tender proper payment to Defendant, Plaintiff's allegation that the foreclosure was wrongful on such grounds is without merit**.

*Id.*, 2009 WL 2431917 at*8-9 (emphasis added).

Similarly here, Plaintiffs' bare allegation is no more than a "string of words...signifying nothing." Indeed, it appears to be nothing more than another example of their propensity for making expedient allegations without substance.

////

////

////

////

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC

LEGAL02/31788743v2

## VII. PLAINTIFFS' CLAIMS IN THE FIRST CAUSE OF ACTION CHALLENGING THE CAPACITY OF MERS TO FORECLOSE ARE INCORRECT AS A MATTER OF LAW

As in their original Complaint, Plaintiffs question the capacity of Defendant MERS to foreclose in its capacity as a nominee under the Deed of Trust. This argument was dealt with in Defendants' original Motion to Dismiss; as explained there, Defendant MERS is designated in the Deed of Trust (Exhibit B to First RJN) as "a nominee for Lender and Lender's successors and assigns." Deed of Trust, p. 2, ¶ E). The Deed of Trust further states that "MERS is the beneficiary under this Security Instrument." *Id.* On its face, the Deed of Trust gives MERS the authority to foreclose.

This mechanism has been expressly approved by the Courts. The Court in *Mortgage Electronic Registration Systems v. Revoredo*, 955 So. 2d 33 (Fla. Dist. Ct. App. 3d Dist. 2007) ("*Revoredo*"), considered the same issue, and expressly upheld MERS' right to foreclose:

> As in, and on the authority of, *Mortgage Electronic Registration Systems, Inc. v. Azize*, So. 2d 2007 Fla. App. LEXIS 2418 (Fla. 2d DCA Case no. 2D05-4544, opinion filed, February 21, 2007) [32 Fla. L. Weekly D546], which involved a very similar procedural situation and the identical question of law, **we reverse the dismissal below of a mortgage foreclosure action brought by Mortgage Electronic Registration Systems, Inc., entered on the asserted but erroneous conclusion that MERS, which acts essentially as a collection and litigation agent for the current owner of notes and mortgages** [cite omitted] **could not establish its standing to proceed.**
>
> Although there is little to add to the Second District's discussion of the issue, with which we entirely agree, we do note that this decision is in accord with the clear majority of cases which have considered the question of MERS's standing to maintain mortgage foreclosure proceedings. *See, e.g., In re Huggins,* 357 B.R. 180, 2006 Bankr. LEXIS 3495 (Bankr. D. Mass. 2006); *In re Sina,* No. A06-200, 2006 Minn. App. Unpub. LEXIS 1094, 2006 WL 2729544 (Minn. Ct. App. Sept. 26, 2006)(unpublished); *Mortgage Elec. Registration Sys., Inc. v. Ventura,* No. CV 054003168S, 2006 Conn. Super. LEXIS 1154, 2006 WL 1230265 (Conn. Super. Ct. April 20, 2006)(unpublished); *Mortgage Elec. Registration Sys., Inc. v. Leslie,* No. CV044001051, 2005 Conn. Super. LEXIS 1360, 2005 WL 1433922 (Conn. Super. Ct. May 25, 2005)(unpublished); *but cf. LaSalle Bank Nat'l Ass'n v. Lamy,* 2006 NY Slip Op 51534U, 824 N.Y.S.2d 769, 12 Misc. 3d 1191A (N.Y. Sup. Ct.

2006) (unreported table decision). To the extent that courts have encountered difficulties with the question, and have even ruled to the contrary of our conclusion, the problem arises from the difficulty of attempting to shoehorn a modern innovative instrument of commerce into nomenclature and legal categories which stem essentially from the medieval English land law. *See MERSCORP, Inc. v. Romaine,* 8 N.Y.3d 90, 101, 861 N.E.2d 81, 826 N.Y.S.2d 266 (N.Y. 2006)(Kaye, C.J., dissenting in part) ("It is the incongruity between the needs of the modern electronic secondary mortgage market and our venerable real property laws regulating the market that frames the issue before us."). **Because, however, it is apparent -- and we so hold -- that no substantive rights, obligations or defenses are affected by the use of the MERS device, there is no reason why mere form should overcome the salutary substance of permitting the use of this commercially effective means of business.**

*Id.,* 955 So. 2d at 33-34 (emphasis added).

Plaintiffs complain elsewhere in the Complaint that the Defendants do not have possession of the original Note, therefore MERS cannot foreclose. As Plaintiffs have previously acknowledged, the law is to the contrary; Plaintiffs conceded at page 8 of their "Collected Plaintiffs, Objections and Responses In Opposition to Defendants Motion to Dismiss Under F.R.C.P. 12b 6 and Motion to Strike F.R.C.P. 12(f)(2)" that the "requirements to sue to collect a debt upon a promissory note are different from the requirements to foreclose a mortgage securing a debt on a promissory note." Indeed, they are correct, as possession of the Note is not a prerequisite to foreclosing on the Deed of Trust. As set forth in *Maguca v. Aurora Loan Services.,* No. SACV 09-1086 JVS (ANx), 2009 WL 3467750 (C.D. Cal. Oct. 28, 2009):

Under Civil Code section 2924, "no party needs to physically possess the promissory note." Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee."

*Id.,* 2009 WL3467750 at *3 (internal citations omitted).

For these reasons, Plaintiffs have no valid basis to contest MERS' standing to foreclose, and their claims should be dismissed with prejudice.

/ / / /

/ / / /

/ / / /

/ / / /

12

## VIII. PLAINTIFFS' SECOND CLAIM FOR RELIEF AND THEIR SECOND, FOURTH, FIFTH AND NINTH CAUSES OF ACTION ARE BARRED BY THE STATUTE OF LIMITATIONS

Plaintiffs' Second Claim for Relief and their Second, Fourth, Fifth and Ninth Causes of Action each allege various forms of fraudulent conduct. The claims all arise out of conduct alleged to have occurred in connection with the inception of the loan to Ms. Yun (the "Loan Transaction"), which was entered into in April 2005. Because the conduct alleged in each claim allegedly occurred more than three years prior to the filing of this action, each is barred by the statute of limitations stated in California Code of Civil Procedure section 338.

Plaintiffs' Second Claim for Relief (for "Fraud"), although it is extensive, can be boiled down to alleged misrepresentations to the borrower to induce her to enter into the Loan Transaction, the borrower's alleged lack of negotiating power, Defendants' alleged lack of possession of the Note, unconscionability of the Loan Transaction, and alleged non-negotiability of the Note. If any of this conduct had occurred, which Defendants strenuously contest, it was in April 2005 or before. Similarly, Plaintiffs' Second Cause of Action for "Fraud" (at pages 27-34) is based entirely on alleged representations made to "Plaintiffs" at the inception of the Loan Transaction. The Fourth, Fifth and Ninth Causes of Action simply incorporate and reallege the same or similar conduct under different names; all relate to allegations of conduct occurring in 2005. The three year statute of limitations has long passed on all of these alleged claims, and they consequently are time-barred.

## IX. PLAINTIFFS' THIRD CAUSE OF ACTION IS BARRED BY THE STATUTE OF LIMITATIONS

Plaintiffs' Third Cause of Action, for alleged violations of the Real Estate Settlement Procedures Act (RESPA), also is barred by the statute of limitations. RESPA is primarily a regulatory statute enforced by HUD in administrative

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC

LEGAL02/31788743v2

proceedings.   The only RESPA provision providing for a private right of action is section 2614, which states:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, **within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation** . . . .

12 U.S.C.S. § 2614.

As demonstrated on the Adjustable Rate Note attached to the FAC as Exhibit 2, the alleged loan in question here was originated on April 14, 2005.  Plaintiffs allege that Defendants have violated 12 USC 2607(b), which is subject to a one year statute of limitations – long expired in this case.  *Ayala v World Sav. Bank, FSB*, 616 F. Supp. 2d 1007 (C.D. Cal. 2009) (borrowers admitted that they consummated loans in 2005, however, they did not file their complaint until October 8, 2008; as such, Real Estate Settlement Procedures Act (RESPA) and Truth in Lending Act (TILA), 15 USCS §§ 1601 et seq., claims were time barred because they were filed more than one year after borrowers entered into relevant agreements.).

Plaintiffs attempt to avoid the impact of this statute by alleging that "the purpose of these fees were not explained to Plaintiffs at the time of the closing and signing of the subject loan," (FAC p. 36:4-6.)  However, in making this statement, Plaintiffs acknowledge that the borrower was aware of the *existence* of the fees at closing; that disclosure started the statute running.  *See Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 908 (E.D. Mich. 2003) (even if RESPA were subject to equitable tolling, borrowers' claim did not meet equitable tolling standard because all terms and fees were disclosed in loan documents that were signed by borrowers).  Even under the most liberal interpretation of the doctrine of equitable tolling, a party must exercise due diligence to protect his or her rights, and it is not sufficient that they allege their misunderstanding of the facts disclosed to them:

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC
LEGAL02/31788743v2

Equitable tolling applies to a statute of limitations period when inequitable circumstances prevent a plaintiff from suing before the statutory period runs. In cases of fraudulent concealment, the statute of limitations can be tolled when the plaintiff demonstrates that: '(1) the defendant took **affirmative steps to conceal the plaintiff's cause of action**; and (2) the plaintiff **could not have discovered the cause of action despite exercising due diligence**." *Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992).')

*Mills v. Equicredit Corp.*, 294 F. Supp. 2d at 908 (holding that home purchasers, claiming mortgage insurer took part in a kickback scheme in violation of 12 U.S.C.S. § 2607(a), must particularize circumstances supporting their assertion of fraudulent concealment of claim, in order to clarify which claims are timely).

Additionally, equitable tolling, if applicable at all, extends the limitations period only to the maximum of the three year "statute of repose" found in RESPA. *See, Pedraza v. United Guar. Corp.*, 114 F. Supp. 2d 1347, 1353-1354 (S.D. Ga. 2000) (criticized in *Minter v. Wells Fargo Bank, N.A.*, 2009 U.S. Dist. LEXIS 120930 (D. Md. Dec. 16, 2009), *vacated and remanded*, 313 F.3d 1323 (11th Cir. 2002):

Just because equitable tolling is available, however, does not mean that equitable tolling can save a claim for an indefinite period of time. Indeed, RESPA provides two limitations periods, a one year period for private enforcement, and a three year period for public enforcement. The Supreme Court interpreted the second of the two limitations periods provided by the Securities Exchange Act of 1934 as a statute of repose. Equitable tolling is not applicable to statutes of repose, in contrast to statutes of limitation. Although the language of § 2614 differs slightly from that of the 1934 Act, the Court is convinced that **the three year period of limitation provided by § 2614 is most reasonably read as a statute of repose in light of the overall structure of RESPA. Therefore, equitable tolling under RESPA is limited to claims alleging violations of RESPA that occurred within three years of the violation**.

*Id.*, 114 F. Supp. 2d at 1353-1354 (emphasis added) (internal citations omitted).

Because equitable tolling is not available beyond the three year statute of repose, and for the additional reason that Plaintiffs have not alleged a sufficient basis for equitable tolling, their RESPA action is time-barred.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC

LEGAL02/31788743v2

**X.    PLAINTIFFS' SEVENTH CAUSE OF ACTION FAILS TO STATE A
CLAIM FOR RELIEF**

Plaintiff alleges a violation of California Civil Code section 2923.6, claiming that the statute requires servicers to accept loan modifications from borrowers. The claim fails fatally on two grounds.

First, numerous California District Court cases have recently held that California Civil Code section 2923.6 neither requires a lender to offer a loan modification nor mandates the acceptance of a modification suggested by a borrower. Second, section 2923.6 does not create a private right of action. As stated in *Reynoso v. Chase Home Finance*, No. C 09-02190 MEJ, 2009 WL 5069140, *4 (N.D. Cal. Dec. 17, 2009):

> There is no language in Section 2923.6 imposing a duty on lenders to negotiate loan modifications . . . [and] there is nothing in the language of Section 2923.6 suggesting that it creates a private right of action for purported violations of its provisions.

2009 WL 5069140, *4 (N.D. Cal. Dec. 17, 2009); see *also, e.g., Mertan v. Am. Home Mortg. Servicing*, No. SACV 09-723 DOC (PJWx), 2009 WL 3296698 (C.D. Cal. Oct. 13, 2009); *Gaitan v. Mortg. Elec. Registration Sys.*, No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729 (C.D. Cal. Oct. 5, 2009).

Accordingly, Plaintiffs' Seventh Cause of Action must be dismissed with prejudice.

**XI.    CONCLUSION**

Plaintiffs have failed to make a silk purse out of their sow's ear. They simply do not have a valid claim; in fact, their conduct is so suspect that Defendants fully intend to request that they be investigated to determine exactly how and on what terms they acquired title to the subject property and whether they are guilty of forging the borrower's signature on Court documents. For the reasons set forth above,

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC

LEGAL02/31788743v2

1    Defendants respectfully request that the Court dismiss Plaintiffs' First Amended

2    Complaint, including each and every claim therein, without leave to amend.

3

4    Dated: March 8, 2010                    DIANE C. STANFIELD
                                             DEBORAH YOON JONES
5                                            ADRIENE PLESCIA LYNCH
                                             **ALSTON & BIRD LLP**
6

7                                            By: _____/s/ Diane C. Stanfield_____
8                                                    Diane C. Stanfield

9                                            Specially Appearing for Defendants
                                             **BAC HOME LOANS SERVICING, LP**
10                                           **f/k/a COUNTRYWIDE HOME LOANS**
                                             **SERVICING, LP (erroneously sued and**
11                                           **served as BANK OF AMERICA and**
                                             **COUNTRYWIDE HOMES LOANS,**
12                                           **INC.), RECONTRUST COMPANY,**
                                             **N.A., and MORTGAGE ELECTRONIC**
13                                           **REGISTRATION SYSTEMS, INC.**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC
LEGAL02/31788743v2

## DECLARATION OF ADRIENE PLESCIA LYNCH

I, Adriene Plescia Lynch, declare and state as follows:

1.    I am an attorney duly licensed to practice law before all courts of the State of California and am an associate with the law firm of Alston & Bird LLP, attorneys of record for Defendants BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP (erroneously sued and served herein as Bank of America and Countrywide Home Loans, Inc.) ("BAC"), Recontrust Company, N.A. ("Recontrust"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them.

2.    On March 2, 2010, at approximately 6:00 p.m., I attempted to contact by telephone Plaintiffs Devon Wood, Mi J. Yun and Jean Keating at the phone number listed for them on the First Amended Complaint ("FAC") to schedule a time to meet and confer regarding Defendants' Motion to Dismiss Plaintiffs' FAC. At that time, I left a voicemail requesting that all three Plaintiffs be available for the meet and confer. I also requested that Plaintiffs return my phone call as soon as possible.

3.    Having not heard from any of the three Plaintiffs by 11:00 a.m. on March 3, 2010, I again attempted to contact them by telephone. I left another voicemail requesting that they call me back.

4.    As of the time of filing Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, Plaintiffs have not returned my telephone calls.

Executed this 8th day of March, 2010, in Los Angeles, California.


                              /s/ Adriene Plescia Lynch
                              Adriene Plescia Lynch

LEGAL02/31788743v2

# PROOF OF SERVICE

I, Rosa Nelly Villaneda, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On March 8, 2010, I served the document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ADRIENE PLESCIA LYNCH IN SUPPORT THEREOF** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY UPS OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by UPS with delivery fees fully provided for or delivered the envelope to a courier or driver of authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ BY E-MAIL: I submitted an electronic version of this document and exhibits, if any, via PDF to all parties at their e-mail addresses on the attached Service List.

☒ [Federal]   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 8, 2010, at Los Angeles, California.

_Rosa Nelly Villaneda_
Rosa Nelly Villaneda

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT
LEGAL02/31788743v2

*Wood v. Bank of America, et al.*
**USDC, Central District, Eastern Division**
**Case No. EDCV09-02195 AG (MANx)**

### SERVICE LIST

Mi J Yun, Devon Wood                    Plaintiffs
and Jean Keating
   as Ex Relators                  Tel:  (909) 855-4757
9530 Spring Brook Ct.                   Fax:  (909) 476-0401
Rancho Cucamonga, CA 91730              Email:  koryogroup@gmail.com

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT
LEGAL02/31788743v2

1

*Wood v. Bank of America, et al.*
**USDC, Central District, Eastern Division**
**Case No. EDCV09-02195 AG (MANx)**

2

3

**SERVICE LIST**

4

Mi J. Yun, Devon Wood                    Plaintiffs
and Jean Keating
      as Ex Relators                     Tel:  (909) 855-4757
9530 Spring Brook Ct.                    Fax:  (909) 476-0401
Rancho Cucamonga, CA 91730               Email:  koryogroup@gmail.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

LEGAL02/31788743v2